**Joachim Siegfried
FUHRMANN, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 87–1419.

Supreme Court of Iowa.

Dec. 21, 1988.

Raymond E. Rogers, Acting Appellate Defender, and James F. Whalen, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., E.A. Westfall, Co. Atty., and Tim Markel, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, NEUMAN and ANDREASEN, JJ.

SCHULTZ, Justice.

The issue presented is whether the district court must appoint counsel for a pro se applicant for postconviction relief when the petition shows on its face that the action is barred by the statute of limitations. The district court granted the State's motion to dismiss and did not rule on the applicant's pending motion requesting the appointment of counsel. Under the facts of this case, we hold that the court's action was proper.

On January 23, 1976, applicant Joachim Siegfried Fuhrmann was convicted of the crimes of first degree murder, attempted murder, and aggravated robbery, resulting in sentences of life, thirty, and twenty-five years in prison, respectively. These convictions were affirmed on appeal. *See State v. Fuhrmann*, 257 N.W.2d 619 (Iowa 1977).

On July 29, 1987, applicant filed a pro se postconviction relief application. He also requested the appointment of counsel, stat-

ing three grounds for relief. First, he claims ineffective assistance of counsel by asserting that his trial court attorney did not represent him in his best and direct interest. Second, applicant raises a due process argument that he was not afforded representation of his peers on the jury. Third, he maintains that he was not represented by laws of international judiciaries.

The State filed a motion to dismiss based on the applicant's failure to file the postconviction relief application within the applicable three-year limitation period as set forth in Iowa Code section 663A.3 (1987). Applicant resisted the motion, emphasizing his need of counsel for the motion to dismiss hearing. Relying on the statute of limitations, the court dismissed the action without addressing the motion for counsel.

■ The absence of a written ruling may indicate that the court did not exercise its discretion in determining whether the appointment of counsel was required. *See State v. Grady*, 367 N.W.2d 263, 266 (Iowa App.1985). Regardless, we strongly disapprove of the court's failure to prepare a written ruling in response to applicant's request for appointed counsel. Whether the court's failure to exercise discretion is reversible error requires further examination respecting the legal and factual requirements for the appointment of counsel however. First, we detect no state or federal constitutional grounds for counsel in such a proceeding. It should be noted that applicant makes no such claim. Indeed the United States Supreme Court has clearly announced the right to appointed counsel for a convicted criminal extends only to the first appeal of right, not to a collateral appeal on a conviction that has long since become final upon the exhaustion of the appellate process. *Pennsylvania v. Finley*, 481 U.S. 551, 552, 107 S.Ct. 1990, 1991, 95 L.Ed.2d 539, 545–46 (1987). We would construe our own constitution likewise.

■ We next examine statutory requirements for the appointment of counsel in postconviction proceedings. Our legislature has provided that the cost of legal services shall be made available to an indigent applicant. Iowa Code § 663A.5 (1987). In construing this section, we have observed that "an attorney need not *always* be appointed to represent an individual postconviction applicant." *Furgison v. State*, 217 N.W.2d 613, 615 (Iowa 1974) *citing State v. Mulqueen*, 188 N.W.2d 360, 365 (Iowa 1971). We noted in *Furgison* that trial judges would ordinarily be well-advised to appoint counsel for indigents and instructed that such applications must be considered in the light most favorable to the applicant. *Id.* at 615. We additionally stated that if it "appears a substantial issue of law or fact *may* exist, then counsel should be at once appointed." *Id.* at 615–16. We also referred to the A.B.A. Standards, Post–Conviction Remedies, section 4.4, commentary at 66 (Approved Draft 1968) which states in part:

> If an application, in light of the state's response, raises no claim cognizable in a post-conviction proceeding, it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application.

*Id.* at 615. Therefore, the trial court's failure to appoint counsel must be reviewed by examining the application in a light most favorable to the applicant to determine whether a substantial issue of law or fact may exist. If such an issue is present, the refusal or failure to act is prejudicial error.

■ In this case the issue grows out of the dismissal of the application. We must decide whether the application on its face is barred by the statute of limitations. This period is provided in Iowa Code section 663A.3. It provides in relevant part:

> An application must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable period.

This language was added by an amendment to this section effective July 1, 1984. 1984 Iowa Acts ch. 1193, § 1. Following this amendment, we held that potential postconviction applicants whose convictions be-

came final prior to July 1, 1984, *"must* file their applications for postconviction relief on or before June 30, 1987, or be barred from the relief." *Brewer v. Iowa Dist. Court,* 395 N.W.2d 841, 844 (Iowa 1986) (emphasis added).

The applicant in this case did not meet any of the specific requirements of this section as interpreted by *Brewer.* His appeal was concluded in 1977, and his application was filed after July 1, 1987. The only question remaining is whether the statute's exception to the limitation applies.

In the present case, did the application disclose a ground of fact or law that could not have been raised within the applicable time? We hold that it did not.

Applicant's present due process and international law claims could have been raised on appeal within the period of limitations. If these matters were not raised due to ineffective assistance of appellate counsel or failure to preserve error at trial, the claim of ineffective assistance of counsel could have similarly been otherwise raised.

Applicant did pursue matters after his first appeal. His pleading showed that he sought a writ of habeas corpus in the U.S. District Court and that this action was dismissed in 1981. His present application reveals that he was assisted by counsel other than his trial counsel, and his international claims were presented. The district court files also show the applicant commenced a postconviction proceeding in 1979, which was dismissed in 1984. However, because we do not know whether this was properly presented to the district court, we will not consider it on appeal.

We conclude that all of the matters complained of in this application for postconviction relief could have been presented prior to July 1, 1987. There is no hint of a claim that any of these grounds could not have been raised before the limitation period had expired.

On appeal, applicant urges that, if appointed, counsel could have assisted him in resisting the State's motion to dismiss based on the applicable statute of limitations. Applicant's appellate brief was pre-

pared by appointed counsel and does not indicate any specific ground that could not have been timely raised. We know of no such ground.

Under this record, we hold that the trial court did not commit reversible error by failing to appoint counsel and dismissing applicant's request for postconviction relief.

AFFIRMED.