IN THE SUPREME COURT OF IOWA

 No. 127 / 02-1866

 Filed January 6, 2006

DEBORA SUE WISE,

 Appellant,

vs.

STATE OF IOWA,

 Appellee.

 On review from the Iowa Court of Appeals.

 Appeal from the Iowa District Court for Scott County, David E.
Schoenthaller, Judge.

 Postconviction relief applicant appeals district court’s denial of
relief sought in application. DECISION OF COURT OF APPEALS AND JUDGMENT OF
DISTRICT COURT AFFIRMED.

 Linda Del Gallo, State Appellate Defender and David Arthur Adams,
Assistant State Appellate Defender, for appellant and Debora Sue Wise, pro
se.

 Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney
General, and William E. Davis, County Attorney, for appellee.

LAVORATO, Chief Justice.
 In this postconviction relief proceeding, Debora Sue Wise appeals
from a district court ruling denying her relief. She contends the district
court erred in failing to make sufficient inquiry into her waiver of her
right to counsel. She also contends the district court erred in failing to
appoint counsel on the court’s own motion. We transferred the case to the
court of appeals, which affirmed. We granted Wise’s application for
further review. Because we find no prejudicial error requiring reversal,
we affirm the court of appeals decision and the district court judgment.
 I. Background Facts and Proceedings.
 On January 7, 1998, the State filed a four-count trial information
charging Wise and Kevin Kilfoy with delivery of a schedule I controlled
substance (marijuana) in violation of Iowa Code sections 124.204(4)(m),
124.401(1)(d), and 703.1 (1997) and with failure to affix a drug tax stamp
in violation of Iowa Code sections 453B.1(3)(b), 453B.3, 453B.7(1),
453B.12, and 703.1. The State alleged each of these offenses occurred on
two separate dates, November 19, 1997 and November 24, 1997, resulting in
the four-count trial information.
 The State and Wise entered into a plea agreement. The agreement
proposed dismissing the drug tax stamp violations provided Wise would plead
guilty to the charges of delivery of a schedule I controlled substance.
The agreement reflected an open plea, which the court accepted.
 On the same day of the agreement, Wise entered her guilty plea. She
also stated that she understood the rights she was giving up by pleading
guilty and that she was satisfied with the advice and counsel given by her
privately retained attorney, David Treimer. She further stated that there
had been no threats or promises made to induce her to plead guilty and that
there had been no predictions made concerning her sentence. Finally, she
stated that the minutes of testimony were substantially correct. After
establishing a factual basis for her plea and determining that Wise was
entering her plea knowingly and voluntarily, the court accepted it and
advised her of her right to file a motion in arrest of judgment. Wise
never filed the motion.
 Later, the district court sentenced Wise to two indeterminate five-
year sentences to run concurrently and a fine of $1000 on each count. The
court denied Wise’s request for a deferred sentence. Instead the court
suspended the sentence and fine on both counts and placed Wise on four
years of supervised probation.
 Wise personally filed a notice of appeal, stating her intent to
appeal the denial of a deferred sentence. Attorney James M. Stein was
appointed to represent Wise on her appeal. Stein filed a motion to
withdraw, stating the appeal was frivolous. Stein sent Wise a copy of the
motion and a letter. In the letter, Stein instructed Wise to write to our
court within thirty days if she believed the appeal should go forward and
that her failure to do so would result in dismissal of the appeal.
 We granted Stein’s motion and dismissed the appeal as frivolous. In
our order we noted that Wise had filed no response.
 Wise then filed a pro se application for postconviction relief,
raising a number of issues. Before the hearing on her application, Wise
filed several amendments to her application adding additional issues. In
the application, Wise stated that she “[was] able to pay court costs and
expenses of representation and [did] NOT desire to have counsel appointed
to represent [her].”
 The State filed a motion to dismiss Wise’s application. The State
alleged that Wise not only failed to file a motion in arrest of judgment
but had failed to preserve in an appeal many of the issues she raised in
her application for postconviction relief. In addition, the State alleged
that by pleading guilty, Wise waived all defenses and objections except
those not intrinsic to the plea. The State maintained the record reflected
no defects in the plea. For all of these reasons, the State argued that
Wise had no cognizable claim to support her application. The court treated
the motion to dismiss as a motion for summary judgment and overruled it
because it was not filed in a timely manner.
 At the hearing, Wise appeared pro se and testified. Treimer also
appeared and testified. At the conclusion of the hearing, the State
requested that its previously filed motion to dismiss be considered its
final argument, which the court accepted.
 Following the hearing, the court denied Wise’s application for the
following reasons: Wise failed to preserve issues in a motion in arrest of
judgment and direct appeal. She waived defenses and objections not part of
the plea itself when she pleaded guilty. She said she was not pressured,
coerced, or promised anything in connection with the plea and she was
satisfied with her representation. In addition, the court denied the
postconviction relief application on its merits.
 Wise personally filed a notice of appeal. The State Appellate
Defender’s office was appointed to represent her. Her appellate counsel
raised two issues. First, the district court erred in failing to make
sufficient inquiry into Wise’s waiver of her right to counsel. Second, the
district court erred in failing to appoint counsel for Wise on its own
motion once the court understood that Wise was not capable of acting as her
own attorney. Wise did not personally file a brief.
 We transferred the case to the court of appeals, which affirmed. The
court held that Wise was not entitled to appointment of postconviction
relief counsel because she did not establish her indigence.
 Wise’s appellate counsel sought further review, which we granted.
 II. Issues Raised.
 On further review, Wise’s appellate counsel again contends the
district court erred in failing to make sufficient inquiry into Wise’s
waiver of her right to counsel and in failing to appoint counsel for her
when it realized she was not capable of acting as her own attorney.
 Wise personally filed an application for further review. Two of the
issues she lists relate to the appointment of counsel on the basis of
financial need. One issue listed is a restatement of her appellate
counsel’s issues as stated above. Finally, Wise contends the district
erred by failing to address any of the grounds for relief contained in her
postconviction relief application.
 III. Appointment of Counsel in Postconviction Relief Cases.
 A. Applicable law. Wise concedes, as she must, that an indigent’s
right to counsel in a postconviction relief proceeding is statutorily
based; no state or federal constititutional grounds for counsel exist in
such proceedings. See Fuhrmann v. State, 433 N.W.2d 720, 722 (Iowa 1988).
Iowa Code section 822.5 (2001) provides that the costs of legal services
shall be made available to an indigent applicant. In interpreting this
section, this court has said that “an attorney need not always be appointed
to represent an indigent postconviction applicant.” Furgison v. State, 217
N.W.2d 613, 615 (Iowa 1974). The determination whether to appoint counsel
rests in the district court’s sound discretion. Id.
 However, this court also noted in Furgison that “trial judges would
ordinarily be well advised to appoint counsel for most indigent
postconviction review applicants” because such appointment “benefits the
applicant, aids the trial court, is conducive to a fair hearing, and
certainly helpful in event of appeal.” Id. On the other hand, the court
in Furgison cited with approval the following:

 “If an application, in light of the state’s response, raises no claim
 cognizable in a post-conviction proceeding, it is wasteful to appoint
 counsel to determine solely if the applicant has some grounds for
 relief not stated in his original application.”

Id. (quoting ABA Standards, Post-Conviction Remedies § 4.4 cmt., at 66
(Approved Draft 1968)).
 Drawing on these principles, the court in Furgison set out the
following guidelines for trial judges to follow in determining whether
counsel should be appointed:

 [T]rial judges should inceptionally read the often inartfully drawn
 application in a light most favorable to the applicant. In event it
 thus appears a substantial issue of law or fact may exist, then
 counsel should be at once appointed.

Id. at 615-16.
 In Fuhrmann, the State filed a motion to dismiss based on the
applicant’s failure to file the postconviction relief application within
the applicable statutory three-year limitation period. 433 N.W.2d at 722.
The applicant requested the appointment of counsel. Id. at 721. The
applicant resisted the State’s motion, emphasizing his need for counsel
regarding the hearing on the motion to dismiss. Id. at 722. The court
dismissed the action without addressing the motion for counsel. Id. We
noted that the failure of the district court to address the motion may
indicate that the court did not exercise its discretion. Id.
Nevertheless, we held such failure to exercise discretion was not
prejudicial error requiring reversal. Id. at 722-23. Our reasoning was
that on its face the application showed the application was not filed
within the applicable statutory three-year period. Id.
 B. Analysis. Here, based on the record before the district court at
the time the State filed its motion to dismiss, the court could easily have
dismissed Wise’s application. Our reasons for saying so follow.
 With certain exceptions, a guilty plea pursuant to Iowa Rule of
Criminal Procedure 2.8(2)(b) waives all defenses and objections, Speed v.
State, 616 N.W.2d 158, 159 (Iowa 2000) (per curiam), even claims of
ineffective assistance of counsel, Manning v. State, 654 N.W.2d 555, 561
(Iowa 2002). One of the exceptions is relevant here: irregularities
intrinsic to the plea itself. Manning, 654 N.W.2d at 561. Irregularities
intrinsic to the plea itself are those that bear on the knowing and
voluntary nature of the plea. Id.
 Our careful review of Wise’s application and amendments reveal only
one claim that falls within this exception. She alleged that Treimer
provided ineffective assistance of counsel by telling her she would receive
a deferred sentence if she agreed to plead guilty.
 This allegation directly contradicts the overwhelming record evidence
that no such representation was made. At the plea, there was this colloquy
between the court and Wise:

 The court: All right. Are you satisfied with the advice and
 counsel Mr. Treimer has given you? The defendant: Yes, I am.

 . . . .

 The court: Okay. Now, have there been any threats or promises
 made to induce you to plead guilty at this time? The defendant: No.

 The court: Have there been any predictions made by anyone
 concerning what your sentence will be if you do plead guilty to these
 charges? The defendant: No.

 In a letter to Treimer she requested that he file the necessary
papers to appeal the denial of a deferred sentence in view of the fact that
she had never been granted a deferred judgment or similar relief before as
Iowa law requires. There was no mention in the letter that Treimer had
told her she would receive a deferred sentence if she agreed to plead
guilty. In a letter to Stein, her appellate counsel in her original
appeal, she states, “The main reason that I have requested to appeal my
case . . . is that I have otherwise no criminal record and would like to
utilize my right to appeal . . . in order to attempt to obtain a deferred
sentence . . . .” Again, there is no mention that Treimer had told her she
would receive a deferred sentence if she agreed to plead guilty. In a
second letter to Stein, Wise outlined a number of issues she wanted raised
in her appeal. She never mentioned that Treimer had told her she would
receive a deferred sentence if she agreed to plead guilty.
 At the sentencing, Treimer vigorously argued for a deferred sentence,
notwithstanding a presentence investigation report that recommended
probation. The court simply stated that it would consider Treimer’s
request. Although she had the chance, Wise made no mention of the alleged
agreement of a deferred sentence in return for the plea. Moreover, the
plea agreement mentions no such understanding. Rather than complain, Wise
signed the agreement.
 In State v. Boge, the defendant filed a postconviction relief
application based on an allegation that he was induced by his attorney to
plead guilty, that the plea bargain was illegal, and that there was
collusion between his attorney and the county attorney. 252 N.W.2d 411,
413 (Iowa 1977). As here, the defendant at the plea proceeding in Boge
acknowledged that there were no threats or promises to induce the plea.
Id. at 413-14. Relying on this acknowledgment by the defendant, this court
said:

 We find no need for trial court to afford petitioner a hearing
 on allegations which directly contradict the record, unless some
 minimum threshold question of credibility appears. The bare
 allegations that petitioner now raises do not overcome the presumption
 that the colloquy above set out reflects the true state of facts.

Id. at 414 (citation omitted); see also Hedman v. United States, 527 F.2d
20, 21-22 (10th Cir. 1975) (per curiam) (holding that postconviction
allegation that defendant was promised probation in return for guilty plea
was insufficient to require evidentiary hearing because such allegation was
completely refuted by defendant’s plea statements that he was pleading
guilty because he was in fact guilty and that he was “very much” satisfied
with advice and services of his counsel).
 In addition to Wise’s plea statements, we have recited a number of
other matters that directly contradict Wise’s allegation that Treimer told
her she would receive a deferred sentence if she pleaded guilty. This
allegation does not overcome the presumption that Wise’s plea statements
and these other matters reflect the true state of facts.
 Although the district court could have sustained the State’s motion
to dismiss, nevertheless the court granted Wise a hearing. At the hearing
Treimer emphatically denied telling Wise that she would receive a deferred
sentence in return for her guilty plea. He also testified that he probably
told her that with her criminal history she would likely receive probation
and had a good opportunity, but no guarantee, to receive a deferred
sentence.
 In its ruling, the district court found that Treimer did not promise
Wise that she would receive a deferred sentence. The court then aptly
summed up the underlying reason for Wise’s allegation to the contrary:
“Wise is unhappy with her sentence; she wanted a deferred [sentence], but
did not get one.”
 Under the circumstances here, we conclude the district court’s
failure to inquire into Wise’s waiver of her right to counsel and the
court’s failure to appoint counsel for Wise on its own motion was not
error. We therefore affirm.
 DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.