**IN THE COURT OF APPEALS OF IOWA**

No. 13-0960
Filed July 30, 2014

**CHAD KAMMERUDE,**
          Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
          Respondent-Appellee.
_____

          Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.


          Applicant appeals the decision of the district court granting summary judgment to the State on his application for postconviction relief.  **AFFIRMED.**


          Samuel M. Degree of Drake Law Firm, P.C., Dubuque, for appellant.

          Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, Ralph Potter, County Attorney, and Brigit Barnes, Assistant County Attorney, for appellee.


          Considered by Vogel, P.J., Doyle, J., and Sackett, S.J.*

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

The applicant appeals the decision of the district court granting summary judgment to the State on his application for postconviction relief. The application for postconviction relief is untimely because it was filed more than three years after the applicant was sentenced and does not raise a ground of law or fact that could not have been raised within the applicable time period. We affirm the decision of the district court granting summary judgment to the State on the ground the application is barred as untimely.

I. **Background Facts & Proceedings**

On May 24, 2007, a Dubuque police officer arrested Chad Kammerude for driving while barred. Subsequent to the arrest, the officer searched Kammerude's vehicle and found a plastic bag containing 470.8 grams of marijuana. Kammerude pled guilty to possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2007), and driving while revoked, in violation of section 321J.21(1). On October 25, 2007, Kammerude was sentenced to five years in prison. The sentence was suspended, and he was placed on probation.[1] Kammerude did not appeal.

On May 14, 2012, Kammerude filed an application for postconviction relief. He recognized that his application was outside the three-year statute of limitations found in section 822.3 (2011), but argued the United States Supreme Court case of *Arizona v. Gant*, 556 U.S. 332 (2009), created a new ground of law which extended the limitations period. Kammerude argued that under *Gant*, 556

---

[1] Kammerude's probation was later revoked for probation violations, and he was ordered to serve his sentence of five years in prison.

U.S. at 351, the search of his vehicle violated his Fourth Amendment rights and his conviction for possession of marijuana with intent to deliver should be reversed.

The State filed a motion for summary judgment, claiming Kammerude's application for postconviction relief was untimely under section 822.3. After a hearing, the district court determined the application was untimely and dismissed the application for postconviction relief. Kammerude now appeals.

## II. Standard of Review

We review a district court's grant of summary judgment in a postconviction relief action for the correction of errors of law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). To the extent, however, an application raises a constitutional claim, such as ineffective assistance of counsel, our review is de novo. *Id.*

## III. Merits

Section 822.3 provides, in part:

> All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Kammerude was sentenced on October 25, 2007, and his criminal case was final at that time because he did not appeal. His application for postconviction relief was filed on May 14, 2012, more than four years later. His application is therefore untimely under section 822.3 unless his application comes within the exception for a ground of fact or law "that could not have been raised within the applicable time period."

Kammerude claims that the mandate for *Gant* was issued on May 27, 2009. He asserts *Gant* represented a new ground of law and a new three-year time period commenced from that date. He claims his application, filed on May 14, 2012, was filed within this three-year period and thus is timely. Kammerude's theory is not supported by legal precedent and does not comport with the language of the statute.

The exception in section 822.3 applies to "a ground of fact or law *that could not have been raised within the applicable time period*." (Emphasis added.) "A reasonable interpretation of the statute compels the conclusion that exceptions to the time bar would be, for example, newly-discovered evidence or a ground that the applicant was at least not alerted to in some way." *Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012). The exception does not apply to issues that were in existence during the three-year period and were available to be addressed. *Lopez-Penaloza v. State*, 804 N.W.2d 537, 542 (Iowa Ct. App. 2011).

As noted above, Kammerude was sentenced on October 25, 2007. He thus had until October 25, 2010, to file an application for postconviction relief concerning all issues that were in existence during that three-year time period. *See id.* The decision in *Gant* was filed on April 21, 2009, well within the applicable time limitation.[2] Setting aside the issue of whether *Gant*, 556 U.S. at 351, expressed a new rule of law, it does not represent a ground of law "that

---

[2] We do not accept Kammerude's arguments concerning using the date the mandate was issued, rather than the filing date. *See State v. Harris*, 741 N.W.2d 1, 9 (Iowa 2007) (noting opinions are binding on the day they are filed). Even if the date the mandate was issued, May 27, 2009, was used, however, this is still within the three-year time period after Kammerude was sentenced.

could not have been raised within the applicable time period." *See* Iowa Code § 822.3. Kammerude's claims based on *Gant* could have been raised within the three-year limitations period. His claims do not come within the exception to the limitations period found in section 822.3, and we conclude his application for postconviction relief was untimely.

Likewise, Kammerude's claim he received ineffective assistance because defense counsel did not file a motion to suppress evidence collected in the search of his vehicle is barred by the three-year statute of limitations. His claims of ineffective assistance of counsel could have been raised within the applicable time period. *See Fuhrmann v. State*, 433 N.W.2d 720, 723 (Iowa 1988); *Lopez-Penaloza*, 804 N.W.2d at 542.

We affirm the decision of the district court granting summary judgment to the State on Kammerude's application for postconviction relief on the ground the application is barred as untimely.

**AFFIRMED.**