**IN THE COURT OF APPEALS OF IOWA**

No. 13-2068
Filed October 1, 2014

**JASON ALAN CARLTON,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____


Appeal from the Iowa District Court for Scott County, J. Hobart Darbyshire,

Judge.


Jason Carlton appeals from the district court's summary dismissal of his

application for postconviction relief. **AFFIRMED.**


Clayton Grueb, Davenport, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, Michael J. Walton, County Attorney, and Robert L. Cusack, Assistant

County Attorney, for appellee State.


Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

In April 2006, Jason Carlton pleaded guilty to three counts of sexual abuse in the third degree and was sentenced to a term of imprisonment of ten years on each count, with the sentences to run consecutively. On August 31, 2006, his sentence was corrected with the imposition of the special life sentence required by Iowa Code section 903B.1 (2005). Nearly five years later, on May 26, 2011, Carlton filed his application for postconviction relief. The State motioned for summary dismissal arguing Carlton's application was time-barred by the three-year statute of limitations contained in Iowa Code section 822.3 (2011). Carlton countered, "The three-year statute of limitations, when applied to a life sentence is grossly disproportionate and unfair to [Carlton]." The district court granted the State's motion for summary disposition and dismissed Carlton's application as time-barred, finding it did not raise an illegal-sentence claim or a new ground of law or fact that could not have been raised within the applicable time period and therefore did not fall within an exception to the statute of limitations. Carlton now appeals. He seeks to broaden the scope of exceptions to the section 822.3 statute of limitations.

Carlton's conviction and sentence became final upon his resentencing on August 31, 2006. Iowa Code section 822.3 creates a three-year statute of limitations for all postconviction claims, except those based on a new ground of law or fact. *See* Iowa Code § 822.3. There is no dispute that Carlton's application for postconviction relief was filed long after the statute of limitations had expired on August 31, 2009.

On appeal, Carlton argues that "the three-year statute of limitations should not be applied in cases where the applicant has not previously filed an application for post-conviction relief and the applicant is serving a long prison sentence." He asks the court to modify how it applies the statute by broadening the scope of exceptions for first-time applicants. We are not at liberty to do so.

If the legislature had intended an exception for a first-time applicant serving a long sentence, it would have said so. Furthermore, the supreme court has upheld and applied the statute of limitations in numerous decisions. *See, e.g., Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003); *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994); *Davis v. State*, 443 N.W.2d 707, 709-10 (Iowa 1989); *Fuhrmann v. State*, 433 N.W.2d 720, 723 (Iowa 1988). We are bound by our supreme court's pronouncements. *See State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."); *State v. Hughes*, 457 N.W.2d 25, 28 (Iowa Ct. App. 1990) (citing *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves.")). If the scope of exceptions to the statute is to be expanded, it must be done by the legislature or the supreme court. Consequently, we affirm the district court's summary dismissal of Carlton's application for postconviction relief.

**AFFIRMED.**