# IN THE COURT OF APPEALS OF IOWA

No. 13-1930
Filed June 24, 2015

**ROBERT E. ARMSTRONG,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Clinton County, Nancy S. Tabor (order) and Marlita A. Greve (dismissal), Judges.

Applicant appeals the district court decision dismissing his application for postconviction relief on the ground of untimeliness. **AFFIRMED.**

Blake Parker of Parker Law Office, Clinton, for appellant.

Robert E. Armstrong, Fort Madison, appellant pro se.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Mike Wolf, County Attorney, and Ross Barlow, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Mullins, J., and Sackett, S.J.* Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, S.J.**

Applicant Robert Armstrong appeals the district court decision dismissing his application for postconviction relief on the ground of untimeliness. The district court did not abuse its discretion by not appointing new postconviction counsel. Also, Armstrong's application was properly dismissed as untimely under Iowa Code section 822.3 (2013). We affirm the court's decision dismissing Armstrong's postconviction-relief proceedings.

### I.      Background Facts & Proceedings

Armstrong was convicted of two counts of second-degree sexual abuse and two counts of third-degree sexual abuse. His conviction was affirmed on appeal. *State v. Armstrong*, No. 07-0122, 2008 WL 238944, at *1 (Iowa Ct. App. Jan. 30, 2008). Procedendo from that appeal was issued on April 1, 2008.

Armstrong filed the present application for postconviction relief on May 2, 2013.[1] He claimed the trial information in his criminal action was deficient due to the lack of sufficient factual specificity. He also claimed the trial information improperly included the terms "unlawfully" and "willfully," which were not statutory elements of the offenses. Armstrong asserted he had not raised this issue earlier due to the ineffective assistance of his previous postconviction relief counsel.

Armstrong requested the appointment of counsel. On May 10, 2013, the court appointed Tom O'Flaherty to represent him. Armstrong filed a motion on July 10, 2013, seeking the dismissal of O'Flaherty and requesting the

---

[1]   Armstrong had previously sought postconviction relief. His appeal of the prior postconviction action, *Armstrong v. State*, No. 12-0918, was dismissed by the Iowa Supreme Court on February 20, 2013. Procedendo in that case was issued on March 15, 2013.

appointment of new counsel. O'Flaherty also filed a motion to withdraw, stating he believed Armstrong's postconviction application was untimely.

The district court entered an order on July 29, 2013, stating the application appeared to be untimely and "no purpose would be served by further proceedings in this matter." The court indicated its intention to dismiss the application pursuant to section 822.6. Armstrong and the State were given sixty days to respond to the pending dismissal. The court granted O'Flaherty's motion to withdraw. The court ordered Armstrong's "request for new counsel shall be stayed until such time as the Court determines that this matter should remain on file."

Armstrong filed a pro se resistance and objection to the court's intent to dismiss. The district court entered an order on October 28, 2013, finding the postconviction-relief application should be dismissed because it was untimely. Armstrong filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2), which was denied by the court. Armstrong now appeals.

## II. Standard of Review

Proceedings for postconviction relief are civil proceedings at law and are ordinarily reviewed for the correction of errors at law. *Jones v. State*, 479 N.W.2d 265, 271 (Iowa 1991).

## III. Appointment of Counsel

Armstrong contends the district court should have appointed new counsel when O'Flaherty was permitted to withdraw. He states he had a statutory right to

counsel under section 822.5. Armstrong asserts he was denied the assistance of counsel at a critical stage of his postconviction proceeding.

There is no constitutional right to counsel in a postconviction proceeding. *Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988). The right to counsel arises from section 822.5, which provides, "the costs and expenses of legal representation shall also be made available to the applicant in the preparation of the application, in the trial court, and on review if the applicant is unable to pay."

A trial court has discretion in determining whether to appoint counsel for an indigent postconviction applicant. *Leonard v. State*, 461 N.W.2d 465, 467 (Iowa 1990). In general, counsel should be appointed because "it benefits the applicant, aids the trial court, is conducive to a fair hearing, and certainly helpful in event of appeal." *Furgison v. State*, 217 N.W.2d 613, 615 (Iowa 1974). On the other hand, "[I]f an application, in light of the State's response, raises no claim cognizable in a postconviction proceeding, it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application." *Wise v. State*, 708 N.W.2d 66, 69 (Iowa 2006).

A court must examine an application for postconviction relief in a light most favorable to the application to determine whether there is a substantial issue of law or fact. *Fuhrmann*, 433 N.W.2d at 722. "In event it thus appears a substantial issue of law or fact *may* exist, then counsel should be at once appointed." *Furgison*, 217 N.W.2d at 615-16.

The issue in the present case is similar to that found in *Fuhrmann*, 433 N.W.2d at 721, "whether the district court must appoint counsel for [an] applicant

for postconviction relief when the petition shows on its face that the action is barred by the statute of limitations." The court determined the applicant did not come within the three-year statute of limitations and had not shown that any of the grounds raised in his application "could not have been raised before the limitation period had expired." *Fuhrmann*, 433 N.W.2d at 723. The court concluded the district court had not erred in failing to appoint postconviction counsel and in dismissing the application for postconviction relief. *Id.*

Under section 822.3 a postconviction relief action should be "filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." After Armstrong's direct appeal, procedendo was issued on April 1, 2008. He filed this postconviction action on May 2, 2013, more than five years later. Thus, his application is untimely unless it comes within the exception for claims based on "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3. Armstrong's application claimed his trial information was defective because (1) it lacked sufficient factual specificity; and (2) it included the terms "unlawfully" and "willfully," which were not found in the statute. The district court did not err in concluding these claims could have been raised within the three-year time period. Armstrong would have been aware of the trial information at the time it was filed back in 2006.[2]

---

[2] Our decision on Armstrong's direct appeal states, "On August 21, 2006, Armstrong was charged with four counts of sexual abuse." *Armstrong*, 2008 WL 238944, at *1.

## IV. Issue of Material Fact

In a pro se brief, Armstrong asserts the district court should not have dismissed his application for postconviction relief because there was an issue of material fact. He contends the trial information in his criminal case was so deficient the court lacked subject matter jurisdiction to try his case. He asserts that because his claim is based on subject matter jurisdiction it may be raised at any time, and so his application should not have been dismissed as untimely.

"A challenge to subject matter jurisdiction may be made at any time." *State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000). "Subject matter jurisdiction refers to the power of a court 'to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention.'" *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993) (citation omitted). Unlike subject matter jurisdiction, a lack of authority to hear a particular case may be obviated by consent, waiver, or estoppel. *Id.* at 483.

A trial information that adequately describes a proceeding as a criminal case, which is a type of case a district court has jurisdiction to hear, is sufficient. *See State v. Ambrose*, 861 N.W.2d 550, 561 (Iowa 2015). A defendant's complaints concerning the sufficiency of the charges in a trial information is a challenge to the court's authority to hear a particular case and should be raised prior to trial. *See id.* We conclude the district court was not lacking subject matter jurisdiction in Armstrong's criminal case. We consequently determine Armstrong's postconviction-relief proceedings could be dismissed as untimely.

We affirm the decision of the district court.

**AFFIRMED.**