**IN THE COURT OF APPEALS OF IOWA**

No. 14-1504
Filed December 9, 2015

**JOACHIM SIEGFRIED FUHRMANN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Pottawattamie County, Mark J. Eveloff, Judge.

    Joachim Fuhrmann appeals the district court's summary dismissal of his third application for postconviction relief. **AFFIRMED.**

    Marti D. Nerenstone, Council Bluffs, for appellant.

    Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee State.

    Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

An application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," unless the application raises "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3 (2013). Joachim Fuhrmann's judgment and sentences for first-degree murder, robbery with aggravation, and assault with intent to commit murder became final in 1977. *See State v. Fuhrmann*, 257 N.W.2d 619, 621-22 (Iowa 1977).

Thirty-six years later, Fuhrmann applied for postconviction relief, asserting defects in the 1975 trial information. This was his third application. The first was dismissed as untimely. *See Fuhrmann v. State*, 433 N.W.2d 720, 721-22 (Iowa 1988). Fuhrmann voluntarily dismissed the second.

The State moved for summary dismissal of the third application on the ground it was time-barred. The district court granted the motion. After citing the lengthy lapse of time, the court addressed the exception to the time bar:

> [T]he Applicant's claims regarding the trial information are not "the type of ground of fact or law that could not be raised within the applicable time period for postconviction-relief applications." The Applicant clearly would have known at the time of the underlying criminal proceeding if the trial information was not sufficiently specific to apprise him of the crime charged in order to permit him to prepare a defense. The Applicant has not shown that this claim could not have been raised in his earlier postconviction actions . . . .
> Any claim of ineffective assistance of defense counsel which the Applicant may raise based upon defects related to the Trial Information is also time barred under section 822.3. The Applicant has not shown any reason why his application is not subject to the statute of limitations.

(Citations omitted.)

Fuhrmann moved to amend, enlarge, and reconsider the decision. In his view, his challenge to the trial information implicated the district court's subject matter jurisdiction, which may be raised at any time. *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002). The district court found the argument unpersuasive. Subject matter jurisdiction, the court explained, implicates the power of the court to hear and determine certain classes of cases such as criminal matters. Fuhrmann's attack went to the court's authority to proceed in his particular case, authority the court could exercise absent a timely objection. *See Frasier v. State*, No. 12-1957, 2014 WL 69671, at *3 (Iowa Ct. App. Jan. 9, 2014). Because Fuhrmann's objections to the trial information were untimely, the court reaffirmed its summary dismissal of the postconviction-relief application.

On appeal, Fuhrmann raises several grounds for reversal, none of which directly confront the district court's reliance on the statutory time bar. We see no reason to address those arguments. Like the district court, we conclude the application was untimely and Fuhrmann's challenge to the trial information was not the type of challenge that would fall within the exception to the time bar. *See Gonzalez v. State*, No. 11-0684, 2013 WL 263356, at *2 (Iowa Ct. App. Jan. 24, 2013); *see also Cannon v. State*, No. 13-1661, 2015 WL 5278916, at *1 (Iowa Ct. App. Sept. 10, 2015).

The district court did not err in summarily dismissing Fuhrmann's third application for postconviction relief.

**AFFIRMED.**