# IN THE COURT OF APPEALS OF IOWA

No. 15-1232
Filed July 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANDON KUPFER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mary E. Howes, Judge.

The defendant appeals the district court's denial of his pro se motion to correct an illegal sentence. **PETITION FOR WRIT OF CERTIORARI DENIED; CASE DISMISSED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Brandon Kupfer contends the district court erred in denying his motion to correct illegal sentence without appointing counsel or securing his waiver of counsel. Although represented by counsel on appeal, Kupfer offers no argument concerning the legality of his sentence. *See* Iowa R. Crim. P. 2.24(5)(a) (providing court may correct an illegal sentence at any time).

We have decided the proper vehicle to challenge the denial of a motion to correct illegal sentence is a petition for writ of certiorari. *State v. Dempsey*, No. 15-1195, 2016 WL 3275306, at *2 (Iowa Ct. App. June 15, 2016). Certiorari review is discretionary. *Crowell v. State Pub. Def.*, 845 N.W.2d 676, 682 (Iowa 2014). We treat Kupfer's notice of appeal and briefing as a petition for writ of certiorari. *See* Iowa R. App. P. 6.108. But because Kupfer provides no valid ground to justify issuance of the writ, we deny review and dismiss the matter. *See* Iowa Rs. App. P. 6.107(1)(d), 6.1001(2).

In 2003, Kupfer pleaded guilty to robbery in the second degree and theft in the first degree, enhanced as an habitual offender. The court sentenced him to consecutive terms of incarceration in accordance with the plea agreement. In 2015, Kupfer filed a pro se motion to correct an illegal sentence, claiming:

> In sum, the constitutional claims put forth . . . assert that his enhanced fifteen-year sentence for the offense of [first-degree theft] is illegal and must be vacated as a matter of law, on grounds that the sentence violates the Equal Protection and Separation of Powers Clauses of the United States and Iowa Constitutions.

Kupfer did not request counsel, and the district court did not appoint counsel. The State answered and filed a motion to dismiss. Although the district court set

a telephonic hearing on his motion, Kupfer waived argument. Kupfer filed a written resistance to the State's motion to dismiss.

On July 13, 2015, the court denied Kupfer's motion, ruling: "[T]here is nothing wrong with the State charging habitual offender in this case, the State has discretion in charging, and the court finds the defendant was properly charged, pled, and sentenced."

On appeal, Kupfer claims his "motion to correct an illegal sentence was 'a phase of sentencing' and therefore a critical stage at which [he] was entitled to counsel." He cites the Sixth Amendment and Iowa Rule of Criminal Procedure 2.28(1). Kupfer asserts the court erred in failing to "obtain a knowing and intelligent waiver of the right to counsel." He does not pursue his underlying constitutional challenges; instead, he requests "a remand with directions that [he] be appointed counsel prior to the district court's consideration and resolution of the merits" of his claims.

Kupfer cites no case establishing the district court acted illegally in denying his motion to correct illegal sentence without appointing counsel or securing waiver of counsel. *See generally Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988) (stating "the right to appointed counsel for a convicted criminal extends only to the first appeal of right"). Accordingly, we dismiss the case.

**PETITION FOR WRIT OF CERTIORARI DENIED; CASE DISMISSED.**