# IN THE COURT OF APPEALS OF IOWA

No. 16-1544
Filed December 6, 2017


**MICHAEL JEFFERSON,**
        Plaintiff,

**vs.**

**IOWA DISTRICT COURT**
**FOR SCOTT COUNTY,**
        Defendant.
_____


Certiorari to the Iowa District Court for Scott County, Marlita A. Greve, Judge.


Plaintiff filed a petition for writ of certiorari, claiming he received an illegal sentence. **WRIT DENIED.**


Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for plaintiff.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for defendant.


Considered by Vogel, P.J., Potterfield, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Michael Jefferson appealed from the denial of his motion to correct an illegal sentence. By order of the supreme court filed September 1, 2015, all files in this matter are to be considered as a petition for a writ of certiorari. The request for the writ is denied.

## I. FACTUAL BACKGROUND.

Michael Jefferson pled guilty to a charge of sexual abuse in the third degree. The charge was based on a sexual assault of a fourteen-year-old female when he was twenty-one years old. There was some procedural confusion prior to sentencing that is not relevant to this proceeding, but eventually, on November 13, 2008, Jefferson was sentenced to ten years in prison and the special lifetime probation as required by Iowa Code section 903B.1 (2007) was imposed.

Jefferson filed an appeal claiming his plea was not voluntarily entered and his conviction was affirmed on appeal. *See State v. Jefferson*, No. 07-1730, 2008 WL 4531454, at *2-3 (Iowa Ct. App. Oct. 1, 2008). He later filed a postconviction-relief application, but again, his requested relief was denied. *See Jefferson v. State*, No. 11-1039, 2012 WL 1860782, at *2 (Iowa Ct. App. May 23, 2012). Jefferson was discharged from prison in late 2011 and began his special lifetime probation. Jefferson violated his parole twice and, on the second violation, was sentenced to prison for a period of five years.

Jefferson filed two motions requesting correction of an illegal sentence and an amendment to his second motion. In them, he claimed the lifetime probation was the result of an illegal bill of detainer, in violation of the equal protection, separation of powers, and ex post facto prohibitions; was void for vagueness; was

in violation of the First, Fifth, Ninth, and Fourteenth Amendments of the United States Constitution; and was in violation of the Constitution of the State of Iowa. On appeal, his claim was reduced to a challenge to the lifetime probation as being in violation of the prohibition against cruel and unusual punishment contained in both the Iowa and United States Constitutions.

Jefferson filed a request for appointment of counsel at the trial court level, but his request was denied. His claim that the lifetime sentence was constitutionally prohibited was summarily dismissed. The only reason given for the dismissal was that the sentence was statutorily required. Jefferson filed a petition for writ of certiorari, claiming the lifetime probation is unconstitutional and the court further erred in failing to explain the denial of his request in more specific terms. He also asserts that the trial court erred in failing to appoint counsel for him at the trial court level.

## II. Error Preservation

The State does not contest error preservation either as to the right to counsel or the illegality of sentence. Also, the State concedes the matter is ripe for review. The State correctly contends error has not been preserved to the extent Jefferson claims the district court ruling was too general and lacked specificity as to the reasons for the denial. Jefferson did not file a request for an expanded ruling as permitted by Iowa Rule of Civil Procedure 1.904(2). An issue must be raised before and ruled on by the trial court before error is preserved. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

## III. RIGHT TO COUNSEL.

### A. Scope of Review.

Generally, an appeal from a postconviction relief proceeding is for corrections for errors at law, but when a constitutional issue is involved the review is de novo. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). Even though the right to counsel in a postconviction relief proceeding is statutory rather than constitutional, we still review the matter de novo. *Dunbar v. State*, 515 N.W.2d 12, 14-15 (Iowa 1984). Where there is no factual dispute it has been held the review is for errors at law. *State v Allen* 690 N.W.2d 684, 687 (Iowa 2005). There is no factual dispute in this matter.

**B. Discussion.**

*Constitutional right to counsel.* An attack on a sentence long after the sentence was entered is not a critical stage of the proceeding where the party is entitled to counsel. *See State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006). This procedure constitutes a collateral attack on the conviction that has been finalized long ago. In such a case, there is no constitutional requirement that counsel be provided. *See Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988).

*Statutory right to counsel.* Jefferson's claim concerning the statutory right to counsel fails in general terms for the same reason his claim concerning the constitutional right failed. Specifically, Iowa Code section 815.10(1)(a) provides:

> The court, for cause and upon its own motion or upon application by an indigent person or a public defender, shall appoint the state public defender's designee pursuant to section 13B.4 to represent an indigent person at any stage of the criminal, postconviction, . . . proceedings or on appeal of any criminal, postconviction . . . action in which the indigent person is entitled to legal assistance at public expense.

The statute expressly includes criminal proceedings and postconviction proceedings, but it does not include certiorari proceedings testing the validity of a

sentence as an independent procedure filed long after the sentence had been entered. The right to counsel is only as to the criminal proceeding that is contemplated with the filing of the sentence. *State v. Dudley*, 766 N.W.2d 606, 618 (Iowa 2009); *State v. Loye*, 670 N.W.2d 141, 147 (Iowa 2003).

### IV. Cruel and Unusual Punishment

A. Scope of Review

Jefferson's claim is constitutional in nature, therefore our review is de novo. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

B. Discussion

The first step in such an analysis is determined if an inference of gross disproportionality exists. *State v. Oliver*, 812 N.W.2d 636, 647 (Iowa 2012). If a claimant cannot show an inference of gross disproportionality, no further analysis is required. *Id.* at 650. It is a rare case in which the threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality. *Ewing v. California*, 538 U.S. 11, 30 (2003). A sentence within the parameters authorized by a statute is not likely to be grossly disproportionate. *Bruegger*, 773 N.W.2d at 873.

In determining whether there is an inference of gross disproportionality, the gravity of the sentence is to be balanced against the severity of the crime. *Oliver*, 812 N.W.2d at 647. There is no contention here that the sentence imposed exceeds the punishment provided by statute. The minutes of testimony attached to the trial information do not include even a suggestion of a crime and lesser culpability than what would ordinarily attach to the charges to which Jefferson pled guilty.

It has been held that various factors can converge to generate a risk of gross disproportionality and thus constitute the required inference. *Bruegger,* 773 N.W.2d at 874. The unique factors that have been identified are (1) a broadly defined crime, (2) permissible use of juvenile adjudications as prior convictions, and (3) dramatic sentence enhancement for repeat offenders. *Id.* at 884-85. Arguably, third-degree sexual assault is a broadly defined crime. Otherwise, Jefferson has not indicated anything unique about his case.

The devastating effects of sexual crimes provides a rational basis for making a classification from other violent crimes. *State v. Wade 757* N.W.2d 618, 626 (Iowa 2008). The legislature may also treat sexual abuse cases similarly regardless of whether they were committed with force. *Id.* We cannot say that there is an inference of disproportionality between the severity of the crime committed and the statutory sentence and sentence imposed. The request for writ of certiorari is denied.

**WRIT DENIED.**