Debora Sue WISE, Appellant,

v.

STATE of Iowa, Appellee.

No. 02–1866.

Supreme Court of Iowa.

Jan. 6, 2006.

Linda Del Gallo, State Appellate Defender and David Arthur Adams, Assistant State Appellate Defender, for appellant and Debora Sue Wise, pro se.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and William E. Davis, County Attorney, for appellee.

LAVORATO, Chief Justice.

In this postconviction relief proceeding, Debora Sue Wise appeals from a district court ruling denying her relief. She contends the district court erred in failing to make sufficient inquiry into her waiver of her right to counsel. She also contends the district court erred in failing to appoint counsel on the court's own motion. We transferred the case to the court of appeals, which affirmed. We granted Wise's application for further review. Because we find no prejudicial error requiring reversal, we affirm the court of appeals decision and the district court judgment.

### I. Background Facts and Proceedings.

On January 7, 1998, the State filed a four-count trial information charging Wise and Kevin Kilfoy with delivery of a schedule I controlled substance (marijuana) in violation of Iowa Code sections

124.204(4)(*m*), 124.401(1)(*d*), and 703.1 (1997) and with failure to affix a drug tax stamp in violation of Iowa Code sections 453B.1(3)(*b*), 453B.3, 453B.7(1), 453B.12, and 703.1. The State alleged each of these offenses occurred on two separate dates, November 19, 1997 and November 24, 1997, resulting in the four-count trial information.

The State and Wise entered into a plea agreement. The agreement proposed dismissing the drug tax stamp violations provided Wise would plead guilty to the charges of delivery of a schedule I controlled substance. The agreement reflected an open plea, which the court accepted.

On the same day of the agreement, Wise entered her guilty plea. She also stated that she understood the rights she was giving up by pleading guilty and that she was satisfied with the advice and counsel given by her privately retained attorney, David Treimer. She further stated that there had been no threats or promises made to induce her to plead guilty and that there had been no predictions made concerning her sentence. Finally, she stated that the minutes of testimony were substantially correct. After establishing a factual basis for her plea and determining that Wise was entering her plea knowingly and voluntarily, the court accepted it and advised her of her right to file a motion in arrest of judgment. Wise never filed the motion.

Later, the district court sentenced Wise to two indeterminate five-year sentences to run concurrently and a fine of $1000 on each count. The court denied Wise's request for a deferred sentence. Instead the court suspended the sentence and fine on both counts and placed Wise on four years of supervised probation.

Wise personally filed a notice of appeal, stating her intent to appeal the denial of a deferred sentence. Attorney James M. Stein was appointed to represent Wise on her appeal. Stein filed a motion to withdraw, stating the appeal was frivolous. Stein sent Wise a copy of the motion and a letter. In the letter, Stein instructed Wise to write to our court within thirty days if she believed the appeal should go forward and that her failure to do so would result in dismissal of the appeal.

We granted Stein's motion and dismissed the appeal as frivolous. In our order we noted that Wise had filed no response.

Wise then filed a pro se application for postconviction relief, raising a number of issues. Before the hearing on her application, Wise filed several amendments to her application adding additional issues. In the application, Wise stated that she "[was] able to pay court costs and expenses of representation and [did] NOT desire to have counsel appointed to represent [her]."

The State filed a motion to dismiss Wise's application. The State alleged that Wise not only failed to file a motion in arrest of judgment but had failed to preserve in an appeal many of the issues she raised in her application for postconviction relief. In addition, the State alleged that by pleading guilty, Wise waived all defenses and objections except those not intrinsic to the plea. The State maintained the record reflected no defects in the plea. For all of these reasons, the State argued that Wise had no cognizable claim to support her application. The court treated the motion to dismiss as a motion for summary judgment and overruled it because it was not filed in a timely manner.

At the hearing, Wise appeared pro se and testified. Treimer also appeared and testified. At the conclusion of the hearing, the State requested that its previously

filed motion to dismiss be considered its final argument, which the court accepted.

Following the hearing, the court denied Wise's application for the following reasons: Wise failed to preserve issues in a motion in arrest of judgment and direct appeal. She waived defenses and objections not part of the plea itself when she pleaded guilty. She said she was not pressured, coerced, or promised anything in connection with the plea and she was satisfied with her representation. In addition, the court denied the postconviction relief application on its merits.

Wise personally filed a notice of appeal. The State Appellate Defender's office was appointed to represent her. Her appellate counsel raised two issues. First, the district court erred in failing to make sufficient inquiry into Wise's waiver of her right to counsel. Second, the district court erred in failing to appoint counsel for Wise on its own motion once the court understood that Wise was not capable of acting as her own attorney. Wise did not personally file a brief.

We transferred the case to the court of appeals, which affirmed. The court held that Wise was not entitled to appointment of postconviction relief counsel because she did not establish her indigence.

Wise's appellate counsel sought further review, which we granted.

## II. Issues Raised.

On further review, Wise's appellate counsel again contends the district court erred in failing to make sufficient inquiry into Wise's waiver of her right to counsel and in failing to appoint counsel for her when it realized she was not capable of acting as her own attorney.

Wise personally filed an application for further review. Two of the issues she lists relate to the appointment of counsel on the basis of financial need. One issue listed is a restatement of her appellate counsel's issues as stated above. Finally, Wise contends the district erred by failing to address any of the grounds for relief contained in her postconviction relief application.

## III. Appointment of Counsel in Postconviction Relief Cases.

**A. Applicable law.** Wise concedes, as she must, that an indigent's right to counsel in a postconviction relief proceeding is statutorily based; no state or federal constitutional grounds for counsel exist in such proceedings. *See Fuhrmann v. State*, 433 N.W.2d 720, 722 (Iowa 1988). Iowa Code section 822.5 (2001) provides that the costs of legal services shall be made available to an indigent applicant. In interpreting this section, this court has said that "an attorney need not *always* be appointed to represent an indigent postconviction applicant." *Furgison v. State*, 217 N.W.2d 613, 615 (Iowa 1974). The determination whether to appoint counsel rests in the district court's sound discretion. *Id.*

However, this court also noted in *Furgison* that "trial judges would ordinarily be well advised to appoint counsel for most indigent postconviction review applicants" because such appointment "benefits the applicant, aids the trial court, is conducive to a fair hearing, and certainly helpful in event of appeal." *Id.* On the other hand, the court in *Furgison* cited with approval the following:

> "If an application, in light of the state's response, raises no claim cognizable in a post-conviction proceeding, it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application."

*Id.* (quoting ABA Standards, Post–Conviction Remedies § 4.4 cmt., at 66 (Approved Draft 1968)).

Drawing on these principles, the court in *Furgison* set out the following guidelines for trial judges to follow in determining whether counsel should be appointed:

> [T]rial judges should inceptionally read the often inartfully drawn application in a light most favorable to the applicant. In event it thus appears a substantial issue of law or fact *may* exist, then counsel should be at once appointed.

*Id.* at 615–16.

In *Fuhrmann,* the State filed a motion to dismiss based on the applicant's failure to file the postconviction relief application within the applicable statutory three-year limitation period. 433 N.W.2d at 722. The applicant requested the appointment of counsel. *Id.* at 721. The applicant resisted the State's motion, emphasizing his need for counsel regarding the hearing on the motion to dismiss. *Id.* at 722. The court dismissed the action without addressing the motion for counsel. *Id.* We noted that the failure of the district court to address the motion may indicate that the court did not exercise its discretion. *Id.* Nevertheless, we held such failure to exercise discretion was not prejudicial error requiring reversal. *Id.* at 722–23. Our reasoning was that on its face the application showed the application was not filed within the applicable statutory three-year period. *Id.*

■ **B. Analysis.** Here, based on the record before the district court at the time the State filed its motion to dismiss, the court could easily have dismissed Wise's application. Our reasons for saying so follow.

■■ With certain exceptions, a guilty plea pursuant to Iowa Rule of Criminal Procedure 2.8(2)(*b* ) waives all defenses and objections, *Speed v. State,* 616 N.W.2d 158, 159 (Iowa 2000) (per curiam), even claims of ineffective assistance of counsel, *Manning v. State,* 654 N.W.2d 555, 561 (Iowa 2002). One of the exceptions is relevant here: irregularities intrinsic to the plea itself. *Manning,* 654 N.W.2d at 561. Irregularities intrinsic to the plea itself are those that bear on the knowing and voluntary nature of the plea. *Id.*

Our careful review of Wise's application and amendments reveals only one claim that falls within this exception. She alleged that Treimer provided ineffective assistance of counsel by telling her she would receive a deferred sentence if she agreed to plead guilty.

This allegation directly contradicts the overwhelming record evidence that no such representation was made. At the plea, there was this colloquy between the court and Wise:

> THE COURT: All right. Are you satisfied with the advice and counsel Mr. Treimer has given you? THE DEFENDANT: Yes, I am.
>
> . . . .
>
> THE COURT: Okay. Now, have there been any threats or promises made to induce you to plead guilty at this time? THE DEFENDANT: No.
>
> THE COURT: Have there been any predictions made by anyone concerning what your sentence will be if you do plead guilty to these charges? THE DEFENDANT: No.

In a letter to Treimer she requested that he file the necessary papers to appeal the *denial* of a deferred sentence in view of the fact that she had never been granted a deferred judgment or similar relief before as Iowa law requires. There was no mention in the letter that Treimer had told her she would receive a deferred sentence if she agreed to plead guilty. In a

letter to Stein, her appellate counsel in her original appeal, she states, "The main reason that I have requested to appeal my case . . . is that I have otherwise *no* criminal record and would like to utilize my right to appeal . . . *in order to attempt to obtain a deferred sentence* . . . ." Again, there is no mention that Treimer had told her she would receive a deferred sentence if she agreed to plead guilty. In a second letter to Stein, Wise outlined a number of issues she wanted raised in her appeal. She never mentioned that Treimer had told her she would receive a deferred sentence if she agreed to plead guilty.

At the sentencing, Treimer vigorously argued for a deferred sentence, notwithstanding a presentence investigation report that recommended probation. The court simply stated that it would consider Treimer's request. Although she had the chance, Wise made no mention of the alleged agreement of a deferred sentence in return for the plea. Moreover, the plea agreement mentions no such understanding. Rather than complain, Wise signed the agreement.

In *State v. Boge,* the defendant filed a postconviction relief application based on an allegation that he was induced by his attorney to plead guilty, that the plea bargain was illegal, and that there was collusion between his attorney and the county attorney. 252 N.W.2d 411, 413 (Iowa 1977). As here, the defendant at the plea proceeding in *Boge* acknowledged that there were no threats or promises to induce the plea. *Id.* at 413–14. Relying on this acknowledgment by the defendant, this court said:

> We find no need for trial court to afford petitioner a hearing on allegations which directly contradict the record, unless some minimum threshold question of credibility appears. The bare allegations that petitioner now raises do not

overcome the presumption that the colloquy above set out reflects the true state of facts.

*Id.* at 414 (citation omitted); *see also Hedman v. United States,* 527 F.2d 20, 21–22 (10th Cir.1975) (per curiam) (holding that postconviction allegation that defendant was promised probation in return for guilty plea was insufficient to require evidentiary hearing because such allegation was completely refuted by defendant's plea statements that he was pleading guilty because he was in fact guilty and that he was "very much" satisfied with advice and services of his counsel).

In addition to Wise's plea statements, we have recited a number of other matters that directly contradict Wise's allegation that Treimer told her she would receive a deferred sentence if she pleaded guilty. This allegation does not overcome the presumption that Wise's plea statements and these other matters reflect the true state of facts.

Although the district court could have sustained the State's motion to dismiss, nevertheless the court granted Wise a hearing. At the hearing Treimer emphatically denied telling Wise that she would receive a deferred sentence in return for her guilty plea. He also testified that he probably told her that with her criminal history she would likely receive probation and had a good opportunity, but no guarantee, to receive a deferred sentence.

In its ruling, the district court found that Treimer did not promise Wise that she would receive a deferred sentence. The court then aptly summed up the underlying reason for Wise's allegation to the contrary: "Wise is unhappy with her sentence; she wanted a deferred [sentence], but did not get one."

Under the circumstances here, we conclude the district court's failure to inquire

into Wise's waiver of her right to counsel and the court's failure to appoint counsel for Wise on its own motion was not error. We therefore affirm.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**