# IN THE COURT OF APPEALS OF IOWA

No. 12-2049
Filed March 12, 2014

**ROBERT ANTHONY RUAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Cherokee County, David A. Lester, Judge.


Robert Ruan appeals from the summary dismissal of his application for postconviction relief. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Ryan R. Koplin, County Attorney, and Kristal L. Phillips, Assistant County Attorney, for appellee State.


Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**DOYLE, J.**

Robert Ruan appeals from the summary dismissal of his application for postconviction relief, contending there is a genuine issue of material fact as to whether his guilty plea to two counts of third-degree sexual abuse as a habitual offender was knowing and voluntary. We affirm.

## I. Background Facts and Proceedings

Ruan was originally charged with two counts of sexual abuse in the third degree, in violation of Iowa Code sections 709.1(3), 709.4(2)(b), and 709.4(2)(c)(4) (2007), class "C" felonies. The trial information was later amended to charge Ruan with three counts of third-degree sexual abuse as a habitual offender. Consistent with the terms of a plea agreement, Ruan pled guilty to two counts of third-degree sexual abuse as a habitual offender, and the State dismissed the remaining count as well as charges pending against Ruan in two separate aggravated misdemeanor cases. The plea memorandum provided Ruan would be sentenced to a term not to exceed fifteen years on each count,[1] to run concurrent with each other, with credit for time served, and with a mandatory minimum sentence "required pursuant to Iowa Code §903B.1 and §902.8."[2]

Ruan appeared with counsel for the plea and sentencing hearing, where the following colloquy took place:

---

[1] Iowa Code section 902.9(3) provided, "An habitual offender shall be confined for no more than fifteen years."

[2] Section 902.8 provided in part: "A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years."

COURT: Because you are charged with the same crime under Count II and under Count III, as it is enhanced by Count IV, I'm going to read the penalty to you one time. But they apply to each count. Do you understand that?

DEFENDANT: Yes.

COURT: All right then. Two counts against you are classified as Class C felonies. As a Class C felony—a straight Class C felony, you would face up to a maximum term of imprisonment of up to 10 years. But because you are pleading guilty—you are charged and pleading guilty as a habitual offender, there's an enhancement to the sentence. And at sentencing, rather than up to a maximum of 10 years imprisonment, you face up to a maximum of 15 years imprisonment. Do you understand that?

DEFENDANT: Yes.

COURT: If this were not being charged as a habitual offender, then there would be no minimum period you must serve before being eligible for parole. But this is an enhanced charge, and as a habitual offender, you must serve a minimum three-year term of incarceration before you will be eligible for parole. Do you understand the minimum sentence?

DEFENDANT: Yes, your Honor.

COURT: And do you understand that the minimum 3 years and the maximum 15 years are a result of the sentencing enhancement because of the charge against you of committing this crime as a habitual offender?

DEFENDANT: Yes.

The district court accepted Ruan's guilty plea and sentenced him in accordance with the plea memorandum.[3]

Ruan filed an application for postconviction relief challenging the voluntariness of his plea and contending he received ineffective assistance of counsel. Specifically, Ruan claimed his plea attorney misadvised him of the mandatory minimum prison terms he faced; he alleged had he known the original charges against him *without* a habitual offender enhancement did not have a seventy percent mandatory minimum, he would not have agreed to the terms of the plea memorandum under which he was ultimately sentenced. Ruan's

---

[3] The court also asked Ruan if he was "satisfied with the services of [his] attorney," to which Ruan responded, "Yes."

requested relief was that he be allowed to plead guilty to the two original charges, without habitual offender enhancements, and be sentenced to serve concurrent ten-year terms.

The State filed a motion for summary dismissal of Ruan's application, claiming the grounds urged by Ruan in his application "are in direct contradiction to the record, court file and his guilty plea colloquy." Ruan resisted the State's motion, contending "the record transcript will NOT show if he was told by his counsel that he was facing charges that carried an enhancement," and that further gathering of evidence was necessary.

Following a hearing, the postconviction court entered a ruling dismissing Ruan's application. The court found "Ruan has failed to carry his burden of showing that a material factual issue exists" where "Ruan's allegations in his application for post-conviction relief are directly contradicted by the record made during the plea taking and sentencing hearing held in the underlying criminal case." Ruan appeals.

## II.    *Standard of Review*

We review postconviction proceedings for errors at law. *Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010). This includes summary dismissals of applications for postconviction relief. *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002). However, we conduct a de novo review of applications for postconviction relief raising constitutional infirmities, including claims of ineffective assistance of counsel. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "In determining whether summary judgment is warranted, the moving

party has the burden of proving the material facts are undisputed. We examine the facts in the light most favorable to the nonmoving party." *Id.*

### III. Discussion

Summary disposition of a postconviction application is authorized "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6 (2011). Disposition under this provision is similar to the summary judgment procedure set forth in Iowa Rule of Civil Procedure 1.981(3). *See Manning*, 654 N.W.2d at 559-60.

Ruan essentially argues that summary disposition was inappropriate because his application generated issues of material fact entitling him to an evidentiary hearing. The State counters an evidentiary hearing is not required where Ruan's claim is "directly contradicted by the record" and he did not challenge "the credibility of the record that was before the court." Ruan's application is based on misinformation he alleges his counsel gave him before the plea hearing regarding mandatory minimums applicable to the original sexual abuse in the third-degree charges. But the record reflects that the court provided explicit and correct information on the same subject – applicable mandatory minimum sentences for the original charges and for the charges to which he entered his guilty pleas.

"A plea colloquy that covers the specific ground subsequently raised in a postconviction relief application would normally support summary judgment on those grounds." *Castro*, 795 N.W.2d at 795; *see Wise v. State*, 708 N.W.2d 66,

71 (Iowa 2006) (indicating that statements made to court in plea colloquy establish a presumption of the true facts on the record). Where the record directly contradicts the claim a guilty plea was unintelligent and involuntary, "the applicant bears a special burden to establish the record is inaccurate." *See Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995).

In dismissing Ruan's application for postconviction relief, the postconviction court specifically pointed out the "very detailed and meticulous manner" in which the plea and sentencing proceeding was conducted. As the court stated:

> Reasonable minds reviewing the record of the plea and sentencing proceedings could only conclude that Ruan was not only full[y] informed and cognizant of the plea agreement he reached with the State, but also was fully informed that the sexual abuse charges to which he was pleading guilty were subject to not only a minimum term of incarceration, but also a greater maximum term only because he was being charged and was agreeing to plead guilty as an habitual offender. As reflected by the transcript made during those proceedings, Ruan acknowledged that he fully understood that if he were not being charged as an habitual offender, his maximum term of imprisonment would be ten years, and there would be no minimum period of incarceration that he would be required to serve before being eligible for parole. Finally, when asked whether he had any questions about the possible penalties he was facing at the time of sentencing, after all the possible penalties were explained to him by [the court], Ruan responded, "No, Your Honor."

To avoid summary judgment, Ruan relies on *Manning*, 654 N.W.2d at 560-61, in which the supreme court reversed the district court's summary dismissal of an application for postconviction relief and remanded for an evidentiary hearing to determine whether the claims could be established. In *Manning*, however, the State's motion for summary judgment "presented nothing more than pure allegations." *See id.* at 561-62. In contrast, in this case the State presented the

plea memorandum and the detailed colloquy that took place during the plea and sentencing proceeding. Ruan failed to carry his "special burden to establish the record is inaccurate." *See Arnold*, 540 N.W.2d at 246.

Upon our de novo review, we find no error. We affirm the postconviction court's ruling dismissing Ruan's application for postconviction relief.

**AFFIRMED.**