# IN THE COURT OF APPEALS OF IOWA

No. 13-1290
Filed June 10, 2015

**RICARDO ORTIZ,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Plymouth County, Steven J. Andreasen, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **PCR DECISION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Robert N. Stewart of Rawlings, Ellwanger, Jacobs, Mohrhauser & Nelson, L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, and Darin J. Raymond, County Attorney, for appellee State.

Considered by Vogel, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**VOGEL, P.J.**

Ricardo Ortiz appeals the district court's denial of his application for postconviction relief (PCR). He asserts the district court incorrectly concluded he failed to prove he was prejudiced by trial counsel's ineffective assistance. He also claims his sentence is illegal because he was a juvenile at the time of the offense and the court imposed a seventy-percent mandatory minimum without an individualized sentencing hearing pursuant to *State v. Lyle*, 854 N.W.2d 387, 404 (Iowa 2014). Because we agree with the district court's resolution of Ortiz's PCR claims, we affirm the district court's ruling. However, in light of *Lyle*, we vacate Ortiz's sentence and remand the case to the district court to hold a resentencing hearing in compliance with *Lyle*'s direction.

**I. Background Facts and Proceedings.**

The facts underlying Ortiz's conviction for robbery in the first degree are adequately laid out in his direct appeal. *State v. Ortiz*, 789 N.W.2d 761, 763-64 (Iowa 2010), *vacating State v. Ortiz*, No. 09-0895, 2009 WL 5126250, at *1-2 (Iowa Ct. App. Dec. 30, 2009). We therefore see no reason to repeat them here. After the supreme court affirmed his conviction, Ortiz filed an application for PCR asserting his trial attorney was ineffective in a number of ways including: (1) failing to properly advise him during the plea process, (2) failing to advise him of his right to resist the waiver of his case from juvenile court to district court, (3) failing to file a motion in arrest of judgment, (4) failing to advise him of the contents of the discovery stipulation, (5) failing to advise him of the evidence against him, (6) failing to advise him of the immigration consequences of his

guilty plea, (7) failing to file a motion to suppress the statements he made while in custody, (8) failing to advise him of his right to contact the Mexican Consulate.

After hearing testimony from Ortiz and various law enforcement officers, the PCR court denied Ortiz's application. The court based its decision on the ineffective-assistance claims mainly on the conclusion that Ortiz could not prove he suffered prejudice because of counsel's actions or inactions. The court concluded Ortiz failed to prove he would not have pled guilty or that the outcome of the case would have been different if he had been advised of his rights.

Ortiz appeals the court's rejection of his claims and also asserts he is entitled to a new sentencing hearing in light of our supreme court's decision in *Lyle*, 854 N.W.2d at 404.

## II. Scope and Standard of Review.

While we normally review PCR actions for correction of errors at law, we review allegations of ineffective assistance of counsel de novo because those claims implicate a defendant's Sixth Amendment right to counsel. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012). Claims that a sentence is illegal because it is unconstitutional are also reviewed de novo. *Lyle*, 854 N.W.2d at 382.

## III. Ineffective Assistance of Counsel.

To prove counsel provided ineffective assistance, Ortiz must prove his counsel failed to perform an essential duty and he was prejudiced by this failure. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs must be proven, and if we conclude either element is lacking, we need not decide the remaining element. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). On

the first prong, "we measure counsel's performance against the standard of a reasonably competent practitioner." *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015). Counsel's competence is presumed. *Id.* On the second prong, Ortiz must prove "a reasonable probability that, but for counsel's alleged errors, he [or she] would not have pled guilty and would have insisted on going to trial." *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

The district court addressed each of Ortiz's eight claims that counsel's ineffectiveness affected his guilty plea. In rejecting his first claim, the court concluded that while Ortiz's counsel may not have adequately explained the consequences or sentence Ortiz would face if he pled guilty, Ortiz failed to prove he suffered prejudice since he was fully advised by the plea-taking court of the consequences he would face and the sentence that would be imposed if he pled guilty. The PCR court also found overwhelming evidence of guilt, making it unlikely Ortiz would have insisted on going to trial had counsel better explained the plea and the associated consequences.

With respect to the waiver from juvenile court, the PCR court noted because of Ortiz's age and the crime charged (a forcible felony) the juvenile court had no jurisdiction over Ortiz's case and pursuant to Iowa Code section 232.8(1)(c), Ortiz was required to be tried as an adult in district court unless a reverse waiver was filed. In addition, in light of the seriousness of the charges and his age, any reverse waiver attempt would have been futile. Therefore, the PCR court concluded counsel was not ineffective on this ground.

The court concluded Ortiz failed to prove his counsel was ineffective in not discussing with him, or not filing, a motion in arrest of judgment as there was a

factual basis to support the plea and all the guilty plea formalities were observed. There was simply no reason to file the motion, so counsel was not ineffective when such a motion was not filed. With respect to Ortiz's claim that he did not know of the discovery stipulation, the PCR court found Ortiz failed to prove he was prejudiced. Ortiz made no allegation and offered no evidence that the outcome of his criminal trial would have been different if he had been given the discovery stipulation before he pled guilty.

The court rejected Ortiz's claim that counsel did not provide him information regarding the evidence against him. The court found this claim by Ortiz lacked credibility. In addition, Ortiz admitted to having a copy of the trial information and minutes of testimony, outlining all the evidence the State had against Ortiz. As to the immigration consequences, the PCR court noted that the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), was not issued until after Ortiz pled guilty and that decision has been held to not be retroactive. *See generally Chaidez v. United States*, 133 S. Ct. 1103, 1105 (2013). Thus, counsel had no duty at the time of the guilty plea to advise Ortiz of the immigration consequences. In addition, Ortiz admitted during the PCR hearing that counsel did advise him before he pled guilty that he would be deported, though Ortiz thought counsel was joking at that time. The court also advised Ortiz during the plea hearing that his plea could affect his immigration status.

The PCR court rejected Ortiz's allegation that counsel was ineffective for failing to file a motion to suppress the statements he made to investigators, concluding Ortiz again could not prove prejudice. Ortiz told law enforcement that

he was eighteen when he was arrested and he was *Mirandized* prior to his interview. He requested to call an adult friend, that request was honored before the interview began, but the friend did not answer the call. It was not until the interview was over that Ortiz's sister presented herself at the police station to provide Ortiz's birth certificate showing he was really seventeen years old. Ortiz himself admitted that he thought at the time of his arrest he was eighteen. Because Ortiz failed to show the outcome of his case would have been different if counsel had discussed with him the grounds for, and/or filed, a motion to suppress, the PCR court denied this claim.

The final ineffective-assistance claim Ortiz raised in the PCR trial was counsel's failure to advise him of his right to contact the Mexican Consulate. The PCR court rejected this claim, again concluding Ortiz did not prove he suffered prejudice. Ortiz did not offer any evidence as to what advice or information the Consulate could have provided him in advance of his guilty plea that would have caused him to insist on proceeding to trial rather than pleading guilty. Therefore, the PCR court found Ortiz failed to prove he was prejudiced by counsel failure to advise him of his right to contact the Consulate.[1]

---

[1] Ortiz also raised a claim that his due process rights were violated when neither law enforcement nor a representative from the State advised him of his right to contact the Mexican Consulate. We note that a guilty plea waives all defenses and objections, except claims that involve "irregularities intrinsic to the plea itself." *Wise v. State*, 708 N.W.2d 66, 70 (Iowa 2006). "Irregularities intrinsic to the plea itself are those that bear on the knowing and voluntary nature of the plea." *Id.* Ortiz does not allege that the failure to contact the Consulate resulted in a guilty plea that was not knowing and voluntary. Instead, he simply claims he would have had "a better understanding of his rights" if he would have contacted the Consulate. We conclude the guilty plea waived Ortiz's claim of a due process violation for failing to advise him of his right to contact the Consulate. In addition, Ortiz did not raise this claim on direct appeal and offers no reason or cause for not raising it earlier. *See Everett v. State*, 789 N.W.2d 151, 156 (Iowa 2010) ("We have long held that postconviction relief proceedings 'are not an

We have reviewed each claim made on appeal and reviewed the district court's thorough and well-reasoned opinion. As we conclude the district court properly rejected each of Ortiz's ineffective-assistance claims, we affirm the district court's decision pursuant to Iowa Court Rule 21.26(1)(d).[2]

## IV. Illegal Sentence.

Ortiz also raises for the first time in this PCR appeal a claim that his sentence is illegal as it violates the clause against cruel and unusual punishment in the Iowa Constitution. *See* Iowa Const. art. I, § 17. Because a claim that a sentence is illegal can be raised at any time, we will address it despite the fact the PCR court was not presented with this claim. *See Lyle*, 854 N.W.2d at 382.

Ortiz was seventeen years old when he was accused of robbery in the first degree, a forcible felony. *See* Iowa Code § 702.11(1) (2009) ("A 'forcible felony' is any . . . robbery . . . ."). Because of his age and the charge he faced, Ortiz was charged as an adult pursuant to Iowa Code section 232.8(1)(c):

> Violations by a child, aged sixteen or older, . . . which constitute a forcible felony are excluded from the jurisdiction of the juvenile court and shall be prosecuted as otherwise provided by law

alternative means for litigating issues that were or should have been properly presented for review on direct appeal.' 'Thus, we have consistently held that any claim not properly raised on direct appeal may not be litigated in a postconviction-relief action unless sufficient reason or cause is shown for not previously raising the claim, and actual prejudice resulted from the claim of error.'" (citations omitted)). While an ineffective-assistance claim is an exception to the error preservation rules, Ortiz does not assert either trial or appellate counsel was ineffective in failing to raise this claim. We therefore will not address this claim further.

[2] Ortiz has also filed a pro se appellate brief claiming his appellate attorney has failed to communicate with him, he did not know one of his companions had a weapon during the robbery, the State's witnesses lacked credibility, and he never told the jail staff that he was eighteen years old. During the guilty plea proceeding, Ortiz admitted he, or one of his companions, was armed with a dangerous weapon. Any claim that the State's witnesses lacked credibility was waived when he pled guilty, and Ortiz admitted during the PCR hearing to telling the jail staff he was eighteen years old when he was arrested. We therefore reject the claims made in Ortiz's pro se brief.

unless the district court transfers jurisdiction of the child to the juvenile court upon motion and for good cause. A child over whom jurisdiction has not been transferred to the juvenile court, and who is convicted for a violation excluded from the jurisdiction of the juvenile court under this paragraph, shall be sentenced pursuant to section 124.401B, 902.9, or 903.1.

Ortiz, following his guilty plea to first-degree robbery, was sentenced as an adult to twenty-five years in prison, with a mandatory minimum sentence of seventy percent.[3] *See* Iowa Code §§ 232.8(1)(c), 711.2, 902.9(2), 902.12(5). Under the sentencing laws at that time, the court did not have the option to defer the judgment or sentence or suspend the sentence.[4] *See id.* § 907.3 (providing that the sentencing options to defer judgment or sentence or suspend a sentence are not applicable to a forcible felony). The court was obligated to impose the twenty-five-year sentence with a seventy-percent mandatory minimum.

Our supreme court ruled in *Lyle*, "In the end, we conclude all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution. Mandatory minimum sentences for juveniles are simply too punitive for what we know about juveniles." 854 N.W.2d at 400. The court's ruling in *Lyle* applies to "all juveniles currently serving a mandatory minimum sentence of

---

[3] In its appellate brief, the State maintains that Ortiz was not subjected to a mandatory minimum because the court had the option under Iowa Code section 907.3A(3) to defer his sentence. We disagree. Section 907.3A applies to juveniles who have been waived to district court by the juvenile court as a "youthful offender" under section 232.45(7). Section 232.45(7) only applies to juveniles who are aged fifteen or younger at the time of the offense. Ortiz was not waived to district court as a "youthful offender" under section 232.45(7) because he was seventeen years old at the time of the offense. He was tried and sentenced as an adult pursuant to section 232.8(1)(c). Therefore, the sentencing options available to a "youthful offender" under section 907.3A were not applicable to Ortiz.

[4] The legislature has since revised the sentencing provisions to permit the district court the discretion to craft a sentence for a juvenile who is tried and sentenced as an adult. *See* 2013 Iowa Acts ch. 42, § 14.

imprisonment." *Id.* at 403. "Thus, this case will require all juvenile offenders who are in prison under a mandatory minimum sentence to be returned to court for resentencing." *Id.*

Because Ortiz was subject to a seventy-percent mandatory minimum sentence for an offense he committed when he was a juvenile, he is entitled to have the sentence in his criminal case vacated and to receive an individualized resentencing hearing where the judge is "permitted to carefully consider all the circumstances of [this] case to craft an appropriate sentence." *Id.* It is important to note that the holding in *Lyle* does not prohibit the judge from resentencing Ortiz to prison for the length of time identified by the legislature for the crime committed. *Id.* It simply requires Ortiz be granted a resentencing hearing where the judge is not bound to impose a mandatory minimum but permitted to consider all sentencing options in light of the unique circumstances this case.[5]

**V. Conclusion.**

Because the PCR court considered and correctly rejected each of the ineffective-assistance claims Ortiz raised, we affirm the court's decision. However, pursuant to our supreme court's holding in *Lyle*, we vacate Ortiz's criminal sentence and remand the case to the district court to conduct an individualized sentencing hearing.

**PCR DECISION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

---

[5] As part of this appeal, Ortiz filed letters with the clerk of the supreme court asking that he be given credit for the time he has served in jail and that he be allowed to return to Mexico "as soon as possible." We have no authority to resentence Ortiz at this time, and he and his attorney can make whatever argument they deem appropriate in mitigation of his sentence at the resentencing hearing at the district court.