# IN THE COURT OF APPEALS OF IOWA

No. 14-2111
Filed April 6, 2016

**GEORGE VANTRECE,**
  Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
  Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

George Vantrece appeals the district court's denial of his postconviction relief application. **AFFIRMED.**

Andrea K. Buffington of Ranes Law Firm, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

George Vantrece pled guilty to four counts of delivery of a controlled substance. The district court sentenced him to ten-year indeterminate prison terms on each count but ran one of the terms "concurrent with the other three," resulting in an indeterminate term of thirty years "with the mandatory minimums that are applicable."

Vantrece's direct appeal was dismissed as frivolous. He filed a postconviction-relief application alleging in relevant part that his attorney conveyed inaccurate information about his unwillingness to accept a plea. The district court denied the claim following a hearing.

On appeal, Vantrece asserts "trial counsel was ineffective for incorrectly stating to the Court and the County Attorney that [he] would not accept a plea offer with a recommendation for a lighter sentence" thus rendering his "guilty plea unknowing, unintelligent, and involuntary." Encompassed within this overarching argument are assertions that he "would not have entered a plea of guilty . . . if he had been properly informed regarding the status of plea negotiations" and he "was not aware of the penal consequences." We will address his assertions together, reviewing this ineffective-assistance-of-counsel claim de novo.

To prevail, Vantrece must establish (1) the breach of an essential duty and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our discussion will focus on the first prong. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) ("If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element.").

"[T]he right to effective assistance of counsel applies to certain steps before trial." *See Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012). "[D]efense counsel has the duty to communicate formal offers from the prosecution . . . that may be favorable to the accused." *Id.* at 1408. Counsel's failure to adequately explain trial and guilty plea options could amount to ineffective assistance. *See Hartnell v. State*, No. 03-1873, 2005 WL 291538, at *3 (Iowa Ct. App. Feb. 9, 2005). So too could counsel's failure to explain "the direct consequences of a guilty plea." *State v. White*, 587 N.W.2d 240, 242 (Iowa 1998). To prevail, the applicant must show "the pre-plea ineffective assistance of counsel rendered the plea involuntary or unintelligent." *Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011).

Vantrece asserts he pled guilty to all four delivery charges based on his trial attorney's representations that if he did so "they would be run concurrently together or . . . one of them would be dismissed and he would be sentenced to only twenty years." The record belies this assertion. *See Wise v. State*, 708 N.W.2d 66, 71 (Iowa 2006) (noting claimant's allegation did not "overcome the presumption that [his] plea statements and . . . other matters reflect[ed] the true state of facts"); *State v. Boge*, 252 N.W.2d 411, 413 (Iowa 1977) (stating the "record directly contradict[ed]" assertions that defendant was induced by his attorney to plead guilty, that the plea bargain was illegal and that there was collusion between his attorney and the county attorney).

Vantrece's trial attorney met with him four times before the plea proceeding. *See Hartnell*, 2005 WL 291538, at *3 (noting "trial counsel spent considerable time meeting with Hartnell prior to the plea"). She testified that the

county attorney offered two plea deals. The first required a guilty plea to a pending harassment charge "and 30 years, free to argue" on the delivery charges. According to defense counsel, Vantrece "didn't want that," he "wanted probation." The county attorney subsequently offered "20 years plus the 2 years for . . . the assault charge." Vantrece's attorney advised him "that he should [accept the plea offer] because he was going to go to prison because of his criminal history." Vantrece rejected this offer as well. The attorney reiterated Vantrece "wanted probation . . . . He did not want to go to prison."

According to defense counsel, a third plea offer for "20 years" was discussed but, "[i]t [did not] appear as if [they] had a firm agreement" with respect to this offer. Meanwhile, the assistant county attorney disclosed the name of the confidential informant involved in the drug deliveries. Pursuant to this attorney's policy, no plea offers would be forthcoming after the disclosure. Vantrece's attorney testified that she informed him of the policy and the fact there was no longer an offer on the table prior to the guilty-plea proceeding.

Vantrece's testimony at the postconviction hearing supports most of this narrative. He stated he rejected the twenty-two year offer and told his attorney he would "agree to the 20 years, but not the 22." He testified his attorney communicated his rejection to the county attorney. He agreed he was not presented with another offer of twenty years. Vantrece's claim that he had no knowledge of the county attorney's policy to end plea negotiations after the disclosure of the confidential informant is immaterial in light of his acknowledgment that no further offers materialized. Notably, he did not protest

at the plea proceeding, when his attorney confirmed, "There is no plea agreement."

Vantrece's assertion that he was unaware of the penal consequences of the plea also is refuted by the transcript of the plea proceeding. The substitute county attorney at the hearing stated:

> The minimum punishment is to suspend the sentences and place him on probation. The Court will also have the option of running sentences either consecutive or concurrent to each other. If the sentences run consecutive, of course, the maximum would then be a term not to exceed 40 years . . . . He can ask the Court to run his sentences concurrent and to suspend them and place him on probation.

Vantrece's attorney responded, "My client wishes the opportunity to ask for probation and treatment at the time of sentencing."

We conclude Vantrece's attorney correctly informed the court and county attorney of Vantrece's position and informed Vantrece of all concrete plea offers. We also conclude Vantrece was aware of the penal consequences of his plea. The record reflects Vantrece pled guilty to the four delivery counts knowingly, intelligently, and voluntarily. Because counsel did not breach an essential duty with respect to the plea negotiations, plea offers, or disclosure of the plea consequences, we affirm the district court's denial of the postconviction-relief application.

**AFFIRMED.**