# IN THE COURT OF APPEALS OF IOWA

No. 16-2082
Filed December 20, 2017

**JAY MICHAEL HARKLESS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Muscatine County, Nancy S. Tabor,
Judge.

Jay Harkless appeals the district court's dismissal of his application for
postconviction relief.  **AFFIRMED.**

John G. Daufeldt of Daufeldt Law Firm, P.L.C., Conroy, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee State.

Considered by Danilson, C.J., Doyle, J., and Carr, S.J.*  Tabor, J., takes no
part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**CARR, Senior Judge.**

In 2011, Jay Harkless pled guilty to second-degree robbery.[1]  He did not appeal.  In 2016, Harkless filed an application for postconviction relief (PCR), claiming his sentence "exceeds the maximum authorized by law" under "House File 2064 and its newly defined parameters" of robbery.  *See* 2016 Iowa Acts ch. 1104, § 4 (codified at Iowa Code § 711.3A(1)-(2) (2017)) (providing for aggravated misdemeanor robbery if the person perpetrating the robbery commits simple misdemeanor assault).  Harkless' appointed counsel filed a motion for release of file and transcripts for copying, which the court granted.

The State filed a motion to dismiss Harkless' application as "fatally flawed on its face," alleging the statutory amendments contained in House File 2064 were "expressly not retroactive" and therefore inapplicable to Harkless' conviction.  Harkless' counsel did not file a resistance.  The court entered an order granting the State's motion to dismiss without oral argument, concluding:

> The new offense of robbery in the third degree can only be charged for conduct which occurs on or after July 1, 2016—the effective date of the legislation. . . .
>          . . . .
> . . . .   Applicant's sentence was imposed years before the amendment to the statute was enacted and made effective. Applicant is not entitled to the benefit of a statutory amendment that decreases the punishment for an offense or makes a new offense with a lesser punishment unless the amended statute is effective at the time of the person's sentencing.

---

[1] *See* Iowa Code § 711.1 (2011) ("A person commits a robbery when, having the intent to commit a theft, the person . . . [c]ommits an assault upon another."); *id.* § 711.3 ("All robbery which is not robbery in the first degree is robbery in the second degree.  Robbery in the second degree is a class 'C' felony.").

Harkless' counsel filed a motion for new trial, requesting the court reconsider and vacate its ruling, which the court denied.

Harkless appeals the court's dismissal of his PCR application, claiming his PCR trial counsel committed structural error and thus rendered ineffective assistance. Structural error exists when:

> (1) counsel is completely denied, actually or constructively, at a crucial stage of the proceeding; (2) . . . counsel does not place the prosecution's case against meaningful adversarial testing; or (3) . . . surrounding circumstances justify a presumption of ineffectiveness, such as where counsel has an actual conflict of interest in jointly representing multiple defendants.

*Lado v. State*, 804 N.W.2d 248, 252 (Iowa 2011). If structural error is present, it renders the underlying proceeding "so unreliable the constitutional or statutory right to counsel entitles the defendant to a new proceeding without the need to show the error actually caused prejudice." *Id.* Specifically, Harkless claims PCR counsel "failed to resist the State's motion to dismiss, failed to request amendment of the PCR application, and failed to properly file a motion to reconsider the district court's order dismissing [his] PCR case."

We are unable to find counsel's performance so objectively lacking as to cause a structural error in the PCR proceeding. Harkless filed his pro se PCR application raising a claim premised on the legislature's amendments to robbery statutory provisions. Harkless was appointed counsel, and counsel filed a motion to allow Harkless' file to be checked out for review and copying. The State thereafter filed a motion to dismiss, claiming section 711.3A was prospective only and therefore inapplicable to Harkless' conviction; the district court appropriately granted the motion on that basis, concluding section 711.3A became effective on

July 1, 2016. *See, e.g.*, *State v. Harrington*, 893 N.W.2d 36, 40, 40 n.1 (Iowa 2017) (observing "[a]t the time [of the defendant's crime in 2013], the legislature did not provide for robbery in the third degree"); *State v. Turner*, No. 16-1161, 2017 WL 1278298, at *3 n.3 (Iowa Ct. App. Apr. 5, 2017) (noting "[t]he aggravated misdemeanor offense of third-degree robbery" set forth in Iowa Code section 711.3A became effective July 1, 2016, and accordingly, "was not yet in effect at the time of the crime or trial in this case [in 2015]"); 4 Robert R. Rigg, *Iowa Practice Series: Criminal Law* §§ 8:11, 8:12 (2017-2018 ed.) (discussing statutory amendments declaring robbery in the third degree to be a misdemeanor, thereby precluding it from being a forcible felony).

While Harkless views counsel's failure to recast his application or resist the State's motion for summary dismissal as deficient performance, there is another possibility: counsel reviewed Harkless' case and found no basis upon which to sustain his claim. *See, e.g.*, *Wise v. State*, 708 N.W.2d 66, 70 (Iowa 2006) (affirming the court's dismissal of PCR application without addressing the applicant's motion for counsel, observing "based on the record before the district court at the time the State filed its motion to dismiss, the court could easily have dismissed Wise's application"). Indeed, Harkless identifies no *meritorious* claim that PCR counsel should have raised or raised more effectively. *See* Iowa Code § 4.5 ("A statute is presumed to be prospective in its operation unless expressly made retrospective."); *State v. DeCamp*, 622 N.W.2d 290, 293 (Iowa 2001) (discussing the principle that statutes are presumed to apply only prospectively); *cf.* Iowa Code § 711.3A(1)-(2) (providing an effective date of July 1, 2016). "Perhaps [Harkless] would have liked a more zealous advocate, but he was not

constructively without counsel." *Allard v. State*, No. 11-1641, 2013 WL 1227352, at *3 (Iowa Ct. App. Mar. 27, 2013). *But see Lado*, 804 N.W.2d at 250-53 (finding structural error where counsel had received notice the application would be dismissed for want of prosecution pursuant to Iowa Rule of Civil Procedure 1.944 and counsel failed to seek a continuance of the case or to apply to have the case reinstated, and the application was ultimately dismissed without any consideration of its merits or meaningful adversarial testing).

We affirm the order dismissing Harkless' PCR application.

**AFFIRMED.**