# IN THE COURT OF APPEALS OF IOWA

No. 20-0695
Filed October 6, 2021

**JOHN GIPSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.

John Gipson appeals the summary dismissal of his fifth application for

postconviction relief. **AFFIRMED.**

Joseph C. Glazebrook of Law Offices of Joseph C. Glazebrook, PLLC, Des

Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee State.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

John Gipson appeals the summary dismissal of his fifth application for postconviction relief (PCR).[1]  We affirm.[2]

The PCR court summarily dismissed Gipson's application because his claims had been previously adjudicated or were untimely.  On appeal, Gipson concedes "[t]here is no doubt that some of the claims asserted are barred for certain legal reasons.  However, it appears at least some of them should survive a pre-discovery uncounseled dismissal procedure."  Yet he does not identify which of his claims were improperly dismissed.  And it is not our role to comb through his numerous claims to develop an argument on his behalf.

Gipson also argues the PCR court should have appointed counsel.  Iowa Code section 815.10(1)(a) (2019) authorizes appointment of counsel for indigent PCR applicants.[3]  *Wise*, 708 N.W.2d at 69; *see also* Iowa Code § 815.10(1)(a) (providing for the appointment of counsel for indigent PCR applicants).  But "an attorney need not *always* be appointed to represent an indigent [PCR] applicant."  *Wise*, 708 N.W.2d at 69 (citation omitted).  When a PCR application raises no

---

[1] On appeal Gipson alleges the PCR court erred in failing to address each of his claims individually.  He did not raise this complaint in an Iowa Rule of Civil Procedure 1.904(2) motion.  So he did not preserve error.  *See Grider v. State*, No. 17-1126, 2018 WL 5292087, at *2 (Iowa Ct. App. Oct. 24, 2018)

[2] PCR actions are normally reviewed for errors at law.  *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).  But our review of constitutional issues is de novo.  *Id.*  And we review the PCR court's determination whether to appoint counsel for an abuse of discretion.  *Wise v. State*, 708 N.W.2d 66, 69 (Iowa 2006).

[3] To the extent Gipson invites us to announce a constitutional right to PCR counsel, we cannot.  *See Hrbek v. State*, 958 N.W.2d 779, 787 (Iowa 2021) ("The Supreme Court and this court have repeatedly stated there is no constitutional right to counsel in [PCR] cases."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

cognizable claim, "it is wasteful to appoint counsel [even] to determine solely if the applicant has some grounds for relief not stated in his original application." *Id.* (citation omitted).

Here, the PCR court determined:

In light of the application, applicant's subsequent reply, and the record, the court remains satisfied that no legitimate purpose would be served by appointing counsel. The court further finds that applicant is not entitled to post-conviction relief, no purpose would be served by any further proceedings, and no material issue of fact exists that has not already been litigated or is not time-barred.

Following our review of the record, we conclude the PCR court did not abuse its discretion by declining to appoint counsel. We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**