# IN THE COURT OF APPEALS OF IOWA

No. 23-0164
Filed December 20, 2023

**BRANDON LEROY STOCKDALL,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Humboldt County, Kurt J. Stoebe,

Judge.

The applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Elizabeth K. Elsten, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee State.

Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**GREER, Presiding Judge.**

Brandon Stockdall challenges the denial of his application for postconviction relief (PCR). He argues the PCR court incorrectly found that an affidavit from a co-defendant signed eighteen years after Stockdall's conviction is not newly discovered evidence and that his claim is barred by the three-year statute of limitations. He also argues that he received ineffective assistance from PCR counsel. We affirm the dismissal of the PCR application.

**I. Background Facts and Prior Proceedings.**

In January 2002, Stockdall drove Jereamy Rice and Billy Rice to a farmers' cooperative where it was alleged that they stole anhydrous ammonia. Stockdall maintains he did not know about the scheme to steal the anhydrous ammonia; he just drove the vehicle. Nevertheless, in June 2002 Stockdall pled guilty to conspiracy to manufacture methamphetamine, a class "C" felony, in violation of Iowa Code section 124.401(1)(c)(6) (2002). He was sentenced to ten years in prison, all of which was suspended, and placed on probation for two years. He did not appeal.

Eighteen years later, in May 2020, Stockdall filed a pro se application for PCR. In the application, Stockdall raised several general grounds involving his conviction, sentence, and the existence of material facts not previously presented and heard, which he maintained required his conviction or sentence to be vacated in the interest of justice.

But, according to Stockdall, it was in September 2020 when he learned that Jereamy "changed his story" and now admitted that Stockdall was completely unaware of the scheme to steal the anhydrous ammonia. So, Stockdall secured a

signed affidavit from Jereamy. In his affidavit, Jereamy wrote, "[Stockdall] drove myself, and my brother to the BOYB CoOp. . . . [Stockdall] stayed in the car as my brother and I left to get the Anhydrous. [Stockdall] knew nothing of the plan to steal Anhydrous, just that he was taking us to the BOYB CoOp." Additionally, Jereamy disputed facts and admissions developed under the minutes of testimony but admitted his involvement in stealing the anhydrous ammonia.

After five continuances, this PCR matter came to trial in January 2023.[1] That day, Stockdall—who was incarcerated—did not appear, and the PCR court considered a sixth motion to continue by Stockdall's counsel. PCR counsel stated that she had not spoken with him in eleven months, since receiving a letter in February 2022, and that Stockdall had been transferred multiple times between various federal and state prisons, making communicating with him difficult. The PCR court denied the motion, finding that the matter had already been pending for two and one-half years. Stockdall's counsel submitted a brief on the issues and Jereamy's September 2020 affidavit. The State objected to the affidavit as hearsay. After the conclusion of the trial, Stockdall reached PCR counsel via phone. According to the notice filed by his PCR counsel, Stockdall decided that he did not wish to present any additional evidence and to leave the record closed.

That same month, the PCR court denied Stockdall's PCR application. In doing so, it found that Stockdall's claim of ineffective assistance of trial counsel

---

[1] The fifth of these continuances was titled "Motion to Continue Rule 1.944 Dismissal Deadline" and came after an Iowa Rule of Civil Procedure 1.944 dismissal notice issued in July 2022. The PCR court granted the motion to continue and scheduled trial for January 2023. That date remained the date of trial after the PCR court denied the sixth motion for a continuance.

was time-barred. The PCR court also found that the affidavit from Jereamy was hearsay and, therefore, inadmissible. But, even if it were admissible, the court alternatively found the information the affidavit detailed could have been discovered in the exercise of due diligence in 2002 because Stockdall's state of mind would have been known to Stockdall himself. For that reason, it was also not grounds for relief. The PCR court found that any other arguments were not presented at trial and therefore were not preserved. Stockdall appeals.

## II. Standard of Review.

We review PCR proceedings for correction of errors at law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020); *see also Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018) ("Generally, an appeal from a denial of an application for [PCR] is reviewed for correction of errors at law."). Under this standard of review, "we will affirm if the [PCR] court's findings of fact are supported by substantial evidence and the law was correctly applied." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). Our review of claims of actual innocence is de novo. *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019). We also review claims of ineffective assistance of PCR counsel de novo. *See Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018), *abrogated by* Iowa Code § 822.3 (2020) ("[W]hen a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo."), *as recognized by Brooks v. State*, 975 N.W.2d 444, 446 (Iowa Ct. App. 2022).

## III. Analysis.

Stockdall raises two issues on appeal. First, he claims that Jereamy's affidavit from September 2020 is a new ground of fact or law that allows him to get

past the three-year statute of limitations and present it as evidence proving his actual innocence. Second, Stockdall claims that he received ineffective assistance from PCR counsel.

**A. Newly Discovered Evidence.**

Under the statute of limitations for PCR filings, "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2020). Because Stockdall did not appeal the conviction, the statute of limitations began to run in June 2002, and three years passed in June 2005. Stockdall filed this PCR application in May 2020. Thus, unless an exception applies, Stockdall's PCR application is time-barred.

There are procedural hurdles Stockdall must meet to jump past the statute-of-limitations bar. To prevail under the ground-of-fact-or-law exception, Stockdall must show not only that he could not have raised the ground within the three-year time period, but also that the ground of fact or law is relevant to the challenged conviction. *Harrington*, 659 N.W. 2d at 521 (discussing Iowa Code § 822.3). A ground of fact or law is relevant if it "has the potential to qualify as material evidence for purposes of a substantive claim under section 822.2." *Id.* at 522. Put another way, "[t]he new-ground-of-fact analysis is a component of a claim of actual innocence based upon alleged newly discovered evidence found after the three-year limitations period, and the ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period." *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020); *accord id.* (finding statute of limitations period barred the PCR application because the evidence used to

show actual innocence was discoverable within the three years through the defendant's exercise of due diligence).

However, we first address if Stockdall can show that the ground of fact he raises could not have been brought forward earlier and then if he can show a nexus between the asserted ground of fact and the challenged conviction before we analyze if there is a basis for a substantive PCR claim based on newly discovered evidence. *See Harrington*, 659 N.W.2d at 520–21 (clarifying the difference between these two concepts). The burden is on Stockdall to demonstrate that he could not have discovered the evidence earlier in the exercise of due diligence. *Schmidt v. State*, 909 N.W.2d 778, 799 (Iowa 2018) (finding a recantation was a new ground of fact when it "was not available to [the applicant] within the three-year period following the date of his conviction and [the applicant] could not have discovered the recantation earlier than he did in the exercise of due diligence.").

In this appeal, Stockdall contends that Jereamy's affidavit is both a new ground of fact that excepts his request for PCR from the three-year statute of limitations and newly discovered evidence that warrants substantive relief, as it did not exist when Stockdall was contemplating pleading guilty to the charge. To this point, Stockdall argues Jereamy was a co-defendant and was unavailable to him at the time the charges were pending because Jereamy was facing charges himself and was represented by counsel. However, while the affidavit itself did not exist, its contents did and his own claimed lack of knowledge about the theft was known to Stockdall in 2002. Therefore it is not a new ground of fact that could not have been raised within the statute of limitations. *See Schmidt*, 909 N.W.2d at 798 ("[T]o avoid the three-year statute of limitations contained in section 822.3, an

applicant must show he or she could not have raised the ground of fact within the applicable time period.").  In fact, after Stockdall first told the deputy interviewing him at the scene that he did steal the anhydrous ammonia, Stockdall changed his tune and said he knew nothing about the plan to steal the anhydrous and was only driving the vehicle.  His claimed lack of knowledge about the theft plan could have been raised by Stockdall before the PCR statute-of-limitations period expired.

Stockdall's reliance on *Harrington* for his assertion to the contrary is misplaced as *Harrington* concerned undisclosed police reports and a recantation from the victim.  659 N.W.2d at 521.  Likewise, the other case Stockdall relies on— *Schmidt*—related to a recantation by the victim.  909 N.W.2d at 781.  In both of those instances, the applicant could not have known at the time of his guilty plea that the victim would recant—in contrast to the victim's knowledge and potential testimony at a trial.  In this instance, the affidavit by Jereamy related to Stockdall's own state of mind and his claimed lack of knowledge of the theft scheme.  Stockdall would have known his own state of mind and could have testified to the same, had he gone to trial.  And given the strong evidence of Stockdall's involvement in the theft, including his and Jereamy's admissions that they stole the anhydrous ammonia, Jereamy's opinion of Stockdall's knowledge or state of mind does not have the potential to "qualify as material evidence for purposes of a substantive claim under section 822.2."  *Id.* at 789–99; *see also Harrington*, 659 N.W.2d at 520 ("This additional requirement [nexus between the fact and the conviction] is based on the common sense conclusion that it would be absurd to toll the statute of limitations pending the discovery of a trivial fact that could not possibly affect the challenged conviction.").

For these reasons, Stockdall failed to raise a new ground of fact or law that allows him to avoid the statute of limitations, and his claim is time-barred.

## B. Ineffective Assistance of PCR Counsel.[2]

Pointing to PCR counsel's failure to secure Stockdall's testimony at the PCR trial, he raises this challenge for the first time in this appeal over the denial of his PCR application. The right to counsel in PCR proceedings is statutory. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011) ("Lado, however, has a statutory, not constitutional right to effective assistance of counsel on postconviction relief."); *Wise v. State*, 708 N.W.2d 66, 69 (Iowa 2006) ("[N]o state or federal constitutional grounds for counsel exist in such proceedings."); *Fuhrmann v. State,* 433 N.W.2d 720, 722 (Iowa 1988) ("[W]e detect no state or federal constitutional grounds for counsel in such a proceeding."). Yet, the statutory right to counsel in PCR proceedings includes the right to effective assistance of counsel. *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (holding statutory right to counsel means the right to effective assistance of that counsel). "[T]o succeed on an ineffective-assistance claim, a PCR applicant must establish that counsel breached a duty and prejudice resulted, and the claim fails if either element is lacking." *Lusk v. State*, No. 18-1125, 2019 WL 1953461, at *1 (Iowa Ct. App. May 1, 2019) (citing *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012)).

---

[2] Stockdall makes a passing reference to ineffective assistance of trial counsel in his appellate brief. "Passing reference to an issue, unsupported by authority or argument, is insufficient to raise the issue on appeal." *See Baker v. City of Iowa City*, 750 N.W.2d 93, 102–03 (Iowa 2008). We do not address this issue further.

Although Stockdall now argues that his PCR counsel was ineffective for failing to ensure Stockdall's presence at the January 2023 PCR trial, the district court considered a "notice to the court" filed by PCR counsel that confirmed:

> The undersigned [PCR counsel] conferred with Mr. Stockdall regarding the hearing in the morning that he had missed. The undersigned asked Mr. Stockdall if he would like to request that the record remain open for additional hearing time or if he believed anything else should be submitted in support of his case. Mr. Stockdall indicated to the undersigned that he does not wish to present any further evidence, that he does not wish to testify, and that he intends to rely on the record and briefing submitted by the undersigned at the time of the trial.

With that record and the lack of any specifics about how counsel's performance was inadequate or how competent representation would have changed the outcome, we can neither rule that Stockdall has succeeded on his claim of ineffective assistance of PCR counsel nor preserve his claim. *See Brown v. State*, No. 22-0459, 2023 WL 3335384, at *4 (Iowa Ct. App. May 10, 2023) ("We only 'preserve' claims of ineffective assistance of PCR counsel for future proceedings when they meet the same standard of 'stat[ing] the specific ways in which counsel's performance was inadequate and identify[ing] how competent representation would have changed the outcome.'" (alterations in original)). Stockdall failed to state specific ways the outcome would have been different with his presence at the PCR hearing. *See Dunbar*, 515 N.W.2d at 15 (refusing to consider the specific claim that PCR counsel failed to have defendant testify because, although that ground was specific, there was no development of what the testimony would have been or how it would have supported the PCR application). Stockdall cannot show a basis for an ineffective-assistance-of-counsel claim or that he was prejudiced.

**IV. Conclusion.**

For the reasons stated above, we affirm the PCR court's denial of Stockdall's PCR application.

**AFFIRMED.**