**Allen Lee HALL, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 2–58678.**

Supreme Court of Iowa.

Oct. 20, 1976.

Ronald R. Ricker, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Des Moines, and Kenneth L. Whitehead, County Atty., Newton, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

REES, Justice.

The petitioner in this case was charged in the District Court of Jasper County with the crime of murder. After the entry of a plea of not guilty he was tried and convicted of the crime of murder in the first degree and sentenced to be imprisoned for life in the state penitentiary. He appealed to this court and we affirmed. See *State v. Hall*, 214 N.W.2d 205 (Iowa 1974). Petitioner then filed his petition for a writ of habeas corpus in the United States District Court for the Southern District of Iowa, but his petition was dismissed on the basis of his failure to exhaust his state remedies. Petitioner then requested of the trial judge in this case the entry of an order appointing counsel for him to pursue his state remedies afforded by chapter 663A, The Code. The trial judge denied his request for appointment of counsel and petitioner instituted this appeal. We reverse and remand.

The central issue in this case is whether a petitioner need show proper grounds for postconviction relief before counsel can be appointed for him. Section 663A.5, The Code, 1975, provides:

"If the applicant is unable to pay court costs and expenses of representation, including stenographic, printing, *and legal services*, these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review." (Italics supplied.)

We have held counsel should be appointed where it would be beneficial to the petitioner, conducive to a just disposition of the case, and helpful on appeal. *State v. Mulqueen*, 188 N.W.2d 360 (Iowa 1971). Legal assistance was held beneficial to overcome technical pleading problems in *Chartier v. State*, 223 N.W.2d 255 (Iowa 1974).

We incline to the view trial court should have appointed counsel to prepare the application for postconviction relief upon request of petitioner in this case. Trial court held in its order that assistance of counsel would not be granted until a proper petition was filed. On May 19, 1975 petitioner directed a personal letter to the trial judge, which read in pertinent part:

"Now you say that I cant have an attorney till I file the post conviction. What am I going to do. I dont know how to file a post conviction. That is what I want you to appoint Mr. Ricker for. I dont understand your decision at all. I dont have any money to hire a lawyer, tell me what to do. You say I have to file a post conviction to get a lawyer and the truth is I need a lawyer to file the post conviction. Please, Your Honor, tell me, what am I suppose to do?"

Petitioner's frustrations resulting from the trial court's imposition of conditions before the appointment of counsel are evident. Upon request and a showing of inability to pay, counsel should be appointed for the purpose of filing applications for postconviction relief.

Upon the filing of such application, the trial court must then determine whether counsel should be retained or appointed for hearing and appeal, basing its determination on the application for postconviction relief read in a light most favorable to the petitioner. See *Furgison v. State*, 217 N.W.2d 613 (Iowa 1974).

We must reverse the action of the trial court in refusing to appoint counsel for petitioner. This case is therefore reversed and remanded for the purpose of appointing counsel for petitioner to enable him to bring his action for postconviction relief under the provisions of chapter 663A, The Code, 1975.

REVERSED AND REMANDED for further proceedings in conformity herewith.