STATE of Iowa, Respondent-Appellee,

v.

Thomas L. GRADY,
Petitioner-Appellant.

No. 83–83.

Court of Appeals of Iowa.

Feb. 26, 1985.

Charles Harrington, Appellate Defender, and Deborah A. Goins, Asst. Appellate Defender, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and Rebecca L. Claypool, Asst. Atty. Gen., for respondent-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

SCHLEGEL, Presiding Judge.

Petitioner, Thomas L. Grady, was convicted of third-degree kidnapping. That conviction was affirmed by the Iowa Court of Appeals. *State v. Grady*, 319 N.W.2d 316 (Iowa Ct.App.1981).

On November 2, 1982, Grady filed an application for postconviction relief which raised several claims for relief. He also alleged that he was an indigent unable to pay court costs or the expenses of representation, and that he desired to have counsel appointed to represent him concerning the application. The application was duly verified. It did not include, however, the financial statement that was required to be attached to the application. (Nonetheless, it was apparent from the application that Grady was serving a sentence of not more than ten years and was confined in the Iowa State Penitentiary at Fort Madison.)

The State of Iowa filed a resistance to the application on November 15, 1982. On November 29, 1982, Grady filed a motion for default judgment, and on December 8, 1982, he filed a motion for summary judgment. On the latter date, he also filed an unverified document entitled: "Affidavit in support for request of appointment of counsel by proceedings *In Forma Pauperis.*"

On December 23, 1982, pursuant to section 663A.6, Iowa Code (1981), the trial court prepared, signed, and filed a notice of proposed dismissal and order, notifying Grady that the court intended to dismiss his application for postconviction relief, and setting out the reasons therefor. The court stated the following:

> The Court is satisfied that the Applicant is not presently entitled to postconviction relief, and no purpose would be served by any further proceedings. Applicant may file a reply to this Notice of Proposed Dismissal pursuant to sec. 663A.6, The Code. Such reply must be filed with the Webster County Clerk of District Court within thirty days of the filing of this notice.

On December 29, 1982, Grady, still acting pro se, filed a document entitled: "Motion for Reply and Resistance on Order," in which he complained that the notice given by the trial court was a denial of his access to the courts, a denial of his right to counsel and a hearing on the merits of his application. Further, he made substantially the same complaints that were contained in his application for postconviction relief, but did not comply with the court's notice and order. Specifically, Grady did not allege any "material issue of fact regarding the competency of his trial counsel" or that "he has good reason for not making this claim on direct appeal." The absence of those allegations constituted grounds for

dismissal of Grady's petition under the terms of the trial court's notice and order.

On January 31, 1983, the court entered and filed an order dismissing the application for postconviction relief. The court entered the dismissal because all of the issues raised by Grady, except one, had previously been rejected by this court in Grady's direct appeal. The one exception was his claim that he had received ineffective assistance of counsel at trial. The court also dismissed that claim. The order stated that "[a]ll of the facts which applicant now relies upon to support his claim of ineffective assistance of counsel were known to him at the time of his direct appeal." The court found that Grady had failed to provide any reason for failing to raise his claim of ineffective assistance of counsel on his direct appeal, and that the claim therefore could not be considered in a proceeding for postconviction relief. *See Washington v. Scurr*, 304 N.W.2d 231, 234 (Iowa 1981). Grady has appealed the order of dismissal.

I. The sole issue in this appeal is: Did the trial court err in failing to appoint counsel to represent Grady in the postconviction relief action which he initiated *pro se*? We believe it was error for the court to fail to do so.

A. The appointment of counsel for applicants for postconviction relief is provided for by section 663A.5, Iowa Code (1981):

If the applicant is unable to pay court costs and expenses of representation, including stenographic, printing, and legal services, these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review.

Three Iowa cases deal with the application of that section. In the first two cases, the petitioner filed a petition *pro se* and requested that counsel be appointed. The trial courts denied the applications for appointed counsel.

The denial of counsel was reversed in *State v. Mulqueen*, 188 N.W.2d 360, 366 (Iowa 1971). The court stated:

Under existing circumstances an attorney should have been appointed to represent movant. Such would have been beneficial to him, conducive to a just disposition of this case in the trial court, and most certainly helpful on this appeal.

That is not to be construed, however, as meaning an attorney must *always* be appointed to represent an indigent, or hearing accorded on every application for postconviction review.

*Id.* (citations omitted).

In *Furgison v. State* the denial of counsel was upheld. 217 N.W.2d 613, 618 (Iowa 1974). In setting forth the standard of review of such decisions, the court noted that under the ruling of *Mulqueen* an attorney need not *always* be appointed. *Id.* at 615. But the court went on to state:

This perforce means such determination rests in trial court's sound discretion.

On the other hand *Mulqueen* inferentially indicates trial judges would ordinarily be well advised to appoint counsel for most indigent postconviction review applicants. This view has merit in that it benefits the applicant, aids the trial court, is conducive to a fair hearing, and certainly helpful in event of appeal.

\* \* \* \* \* \*

So, in determining whether counsel should be appointed, trial judges should inceptionally read the often inartfully drawn application in a light most favorable to the applicant. In event it thus appears a substantial issue of law or fact *may* exist, then counsel should be at once appointed.

*Id.* at 615–16 (citations omitted) (emphasis in original).

The third case differed from *Mulqueen* and *Furgison* because the petitioner requested that counsel be appointed before a petition was filed. *Hall v. State*, 246 N.W.2d 276, 276 (Iowa 1976). In reversing the trial court's refusal to appoint counsel, the supreme court stated, "Upon request and a showing of inability to pay, counsel should be appointed for the purpose of filing applications for postconviction relief." *Id.* at 277. After the petition is

filed, the trial court is to apply the *Furgison* standard in determining whether counsel should be retained or appointed for hearing and appeal. *Id.*

B. Applying the standards set out above, we must reverse and remand for further proceedings.

 First, there is no showing the trial court considered Grady's application to have counsel appointed. Apparently, the trial court failed to consider this specific issue even though: (a) Grady's postconviction application contained a request for the appointment of counsel together with a verified allegation of his indigency and inability to pay court costs and the expenses of representation, and (b) the postconviction application was followed by a document Grady entitled "Affidavit In Support for Request of Appointment of Counsel by Proceedings *In Forma Pauperis*" that once again requested appointment of counsel (this time naming a specific attorney). While appointment of counsel is discretionary, *Furgison*, 217 N.W.2d at 615, we must conclude from this silent record that the trial court did not actually *apply* discretion, and hence, abused its discretion. *See State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979); *State v. Luedtke,* 279 N.W.2d 7, 8 (Iowa 1979) ("In order for [an abuse of discretion] standard to operate, it is essential for the trial court to state reasons for selecting a particular disposition."). This abuse of discretion alone is sufficient to require reversal.

 Second, even if the trial court had specifically considered Grady's request for appointed counsel, we are convinced a denial of that request is an abuse of discretion under the facts of this case. The trial court reviewed Grady's postconviction application and correctly determined that most of the claims asserted by Grady could not be heard because they had been decided in his direct appeal. However, the court also determined that Grady had a potentially valid ineffective assistance of counsel claim. Once it was determined that a substantial issue of law or fact potentially existed, "counsel should [have been] at once appointed." *Furgison,* 217 N.W.2d at 615–16. We believe that requiring Grady to file a reply to the notice of proposed dismissal and order, without also appointing counsel, is contrary to the holding of *Hall,* where the supreme court stated the trial court could not precondition appointment of counsel upon the petitioner filing a postconviction application *pro se.* 246 N.W.2d at 277. The policy behind the ruling that an attorney should be appointed to assist the petitioner was pointed out in *Mulqueen.*

> The question is how badly the *prisoner* needed help; the seriousness of the problem must be judged from his point of view. "That which is simple, orderly and necessary to the lawyer" as the Supreme Court has pointed out, (*Johnson v. Zerbst,* 304 U.S. 458, 463, 58 S.Ct. 1019, [1022], 82 L.Ed. 1461 [(1938)]) "to the untrained layman may appear intricate, complex and mysterious."

188 N.W.2d at 365 (quoting *Dillon v. United States,* 307 F.2d 445, 450 (9th Cir.1962)). It is obvious from Grady's reply to the notice of proposed dismissal and order that he did not understand the significance of the phrase "material issue of fact regarding the competency of his trial counsel," and that counsel should have been appointed to assist him in preparing that reply.

Thus, although it appears that there is little likelihood that Grady is entitled to postconviction relief, we must reverse and remand to the district court for further proceedings in conformity with this opinion.

REVERSED AND REMANDED.