# IN THE COURT OF APPEALS OF IOWA

No. 19-0789
Filed February 3, 2021

**CHARLES FRANCIS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Poweshiek County, Lucy J. Gamon,

Judge.


        The applicant appeals the district court order dismissing his application for

postconviction relief.  **AFFIRMED.**


        Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee State.


        Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Charles Francis appeals the district court order dismissing his application for postconviction relief (PCR). We affirm the dismissal of the untimely application.

## I.       Background Facts & Proceedings

Francis was convicted of third-degree sexual abuse on January 25, 2016. He did not appeal his conviction. He took a polygraph test on June 26, 2017, which he claimed demonstrated his innocence.[1]   On February 25, 2019, Francis's girlfriend, S.P., wrote a letter stating she "forced Charles to plead guilty to whatever was given to him to get him home," as she was having mental-health problems at the time.

Francis filed a PCR application on March 5, 2019. The State filed a motion to dismiss, claiming the application was untimely under Iowa Code section 822.3 (2019) and failed to state a claim upon which relief could be granted under section 822.2. Francis did not file a resistance to the motion to dismiss.[2]   On March 25, the court set a hearing on the State's motion for April 8 at 11:00 a.m. On March 31, Francis requested a continuance, stating he wanted to be present for the hearing because he was not represented by an attorney. He also requested transportation

---

[1] The appellant's brief indicates the polygraph test was taken on June 26, 2019; however, the attached documentation reflects the correct year as 2017.

[2] While the district court set the unresisted motion to dismiss for hearing, we have determined,

> [W]here a motion to dismiss an application for postconviction relief has been filed, proper service has been made on the nonmoving party, and the nonmoving party has been afforded, under [Iowa Rule of Civil Procedure 1.981] an adequate time to respond and fails to do so, the court may summarily dismiss the application as a matter of default judgment [without hearing].

*Brown v. State*, 589 N.W.2d 273, 275 (Iowa Ct. App. 1998).

from the Iowa Medical and Classification Center.  On April 3, the State resisted Francis's requests.  The court denied the motion on Thursday, April 3, stating Francis "shall provide a telephone number where he can be reached at the time of hearing."  The order also stated that in the alternative, Francis could call the clerk of court's telephone number provided in the order.

Francis did not provide a telephone number prior to the hearing, nor did he call the clerk of court's number.  The hearing was held on April 8, as scheduled. The State presented legal argument to support its request for dismissal of the PCR application.  The district court dismissed the application.  Francis appeals the district court's decision.[3]

## II.      Standard of Review

We review a district court's decision dismissing a PCR application on the ground it is untimely for the correction of errors at law.  *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003).  "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied."  *Id.* On constitutional issues, however, our review is de novo.  *Rhiner v. State*, 703 N.W.2d 174, 176 (Iowa 2005).

## III.      Discussion

### A.      Due Process

Francis contends he did not receive the district court's order of April 3, stating he was required to provide a telephone number or call into the clerk's office. He states there was not enough time between when the order was issued on

---

[3] At the time the notice of appeal was filed, Francis filed a separate application for the appointment of counsel.

April 3 and when the hearing was held on April 8 for him to receive the order, as he was incarcerated. On appeal, Francis asserts he was denied due process because he was not given sufficient notice the hearing would be held telephonically and he was denied the opportunity to be heard.

Postconviction proceedings are civil actions. *Jones v. State*, 545 N.W.2d 313, 314 (Iowa 1996). An inmate does not have a constitutional right to be present at a civil action. *Myers v. Emke*, 476 N.W.2d 84, 85 (Iowa 1991). Accordingly, Francis's right to due process did not include a right to be personally present for the hearing, but it did require "fundamental fairness" in the proceedings. *See Webb v. State*, 555 N.W.2d 824, 825–26 (Iowa 1996).

Francis argues a lack of notice regarding his ability to telephonically participate at the hearing denied him a reasonable opportunity to assert his postconviction claims. The State contends Francis failed to adequately preserve error on this issue, despite its constitutional basis. However, to correct an error of constitutional magnitude in regard to a defendant's failure to receive notice and/or an opportunity to be heard, we are nevertheless required to address it even if the issue was not preserved. *Compare In re S.P.*, 672 N.W.2d 842, 846 (Iowa 2003) (observing that reviewing courts are required to address constitutional issues specifically involving a defendant's notice of a hearing and opportunity to be heard), *with State v. Hernandez–Lopez,* 639 N.W.2d 226, 234 (Iowa 2002) (noting that, in general, constitutional issues must be preserved regardless of "importance and gravity"), *and State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) (finding unpreserved constitutional issues do not create an exception to error preservation

rules). While Francis did not raise his due process claim before the district court following dismissal of his postconviction application, we consider it.

Francis did not participate in the hearing telephonically. As indicated by counsel for Francis, the record is void of evidence as to whether or not Francis received the notice. Even if we were to assume Francis did not receive the second order that allowed him to appear telephonically for the hearing on the State's unresisted motion, we do not find that such requires a reversal, as the application on its face was untimely and did not present any cognizable claim upon which relief could be granted. *See Gordon v. State*, No. 10-0560, 2012 WL 1066484, at *4 (Iowa Ct. App. March 28, 2012).

### B. Actual Innocence

Francis also contends he should have been permitted to have a hearing on the merits of his claim of actual innocence. He asserts the evidence of his polygraph test and the letter from his girlfriend showed he was innocent. He states he only pled guilty to third-degree sexual abuse because his girlfriend "forced" him to accept a plea agreement.

In *Schmidt v. State*, the Iowa Supreme Court held, "convicted defendants can attack their pleas when claiming actual innocence even if the attack is extrinsic to the pleas." 909 N.W.2d 778, 789 (Iowa 2018). On claims of actual innocence, an applicant must still comply with the three-year statute of limitations found in section 822.3 or come within an exception to the limitations period. *Dewberry v. State*, 941 N.W.2d 1, 5 (Iowa 2019); *Blakeman v. State*, No. 19-0375, 2020 WL 2060312, at *1 (Iowa Ct. App. Apr. 29, 2020). If the information an applicant "cites in support of his actual-innocence claim was available to him within the limitations

[period, it] does not serve as a new ground of fact to toll the statute of limitations, or newly discovered evidence." *Demery v. State*, No. 19-1465, 2020 WL 1887955, at *2 (Iowa Ct. App. Apr. 15, 2020).

Francis was convicted of third-degree sexual abuse on January 25, 2016. Under section 822.3, the limitations period extended until January 25, 2019. Francis took a polygraph test on June 26, 2017, which he claimed showed he was innocent. This was within the limitations period and would "not serve as a new ground of fact to toll the statute of limitations, or newly discovered evidence." *See id.* Also, Francis would have been aware during the limitations period that he pled guilty at the behest of his girlfriend, so this information as well would "not serve as a new ground of fact to toll the statute of limitations, or newly discovered evidence." *See id.*

Francis's PCR application was filed outside the three-year statute of limitations and on its face demonstrates no exception to the statutory time period. *See Dewberry*, 941 N.W.2d at 5. Francis raises only two matters in his postconviction application. Neither claim regards what could be considered newly-discovered evidence. We conclude the district court did not err by dismissing his actual innocence claim.

### C.    Appointment of Counsel

Francis further argues he had a right to counsel for the PCR proceedings, "and there is no evidence showing he knowingly and voluntarily waived his right to counsel." He states he should have been given notice of his right to counsel. Francis did not file a financial affidavit pursuant to Iowa Code sections 815.9 and 815.1. We note that his application is handwritten and almost illegible. However,

his original PCR application appears to indicate, "I, the undersigned applicant, am unable to pay court costs and expenses of representation and do desire to have counsel appointed to represent me concerning this application." The district court did not address the request for counsel and proceeded to hearing.

The supreme court addressed a similar issue in *Fuhrmann v. State*, 433 N.W.2d 720, 722–23 (Iowa 1988). The State filed a motion to dismiss based on the applicant's failure to file the postconviction relief application within the applicable three-year limitation period as set forth in Iowa Code section 663A.3 (1987). *Id.* at 722. The applicant resisted the motion, emphasizing his need of counsel for the motion to dismiss hearing. *Id.* Relying on the statute of limitations, the district court dismissed the action without addressing the motion for counsel. *Id.* The court wrote that the absence of a written ruling may indicate that the court did not exercise its discretion in determining whether the appointment of counsel was required. *Id.* (citing *State v. Grady*, 367 N.W.2d 263, 266 (Iowa Ct. App. 1985)).

> [W]e strongly disapprove of the court's failure to prepare a written ruling in response to applicant's request for appointed counsel. Whether the court's failure to exercise discretion is reversible error requires further examination respecting the legal and factual requirements for the appointment of counsel however. First, we detect no state or federal constitutional grounds for counsel in such a proceeding. It should be noted that applicant makes no such claim. Indeed the United States Supreme Court has clearly announced the right to appointed counsel for a convicted criminal extends only to the first appeal of right, not to a collateral appeal on a conviction that has long since become final upon the exhaustion of the appellate process.

*Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 552 (1987)). "We would construe our own constitution likewise." *Id.*

There are no constitutional grounds for the appointment of counsel in PCR cases; the appointment of counsel in PCR proceedings is based on section 822.5. *See Wise v. State*, 708 N.W.2d 66, 69 (Iowa 2006). The Iowa Supreme Court has stated, "an attorney need not *always* be appointed to represent an indigent postconviction applicant." *Id.* (quoting *Furgison v. State*, 217 N.W.2d 613, 615 (Iowa 1974)); *accord Jones v. State*, 479 N.W.2d 265, 269 (Iowa 1991).

"[T]rial judges would ordinarily be well advised to appoint counsel for most indigent postconviction review applicants." *Furgison*, 217 N.W.2d at 615. Such an application "must be considered in the light most favorable to the applicant." *Fuhrmann*, 433 N.W.2d at 722. The district court has discretion to appoint counsel to an applicant "if it appears a substantial issue of law or fact *may* exist." *Dunbar v. State*, 515 N.W.2d 12, 14 (Iowa 1994) (citations omitted). There is a "statutory right to postconviction counsel when an applicant presents a cognizable claim." *Goode v. State*, 920 N.W.2d 520, 524 (Iowa 2018).

On the other hand, "[i]f an application, in light of the state's response, raises no claim cognizable in a post-conviction proceeding, it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application." *Wise*, 708 N.W.2d at 69; *accord Fuhrmann*, 433 N.W.2d at 722. The determination of whether counsel should be appointed "rests in [the] trial court's sound discretion." *Furgison*, 217 N.W.2d at 615.

In *Fuhrmann,* the Iowa Supreme Court determined "the trial court did not commit reversible error by failing to appoint counsel and dismissing applicant's request for postconviction relief" when the application was facially barred by the three-year statute of limitations in section 822.3. 433 N.W.2d at 723; *accord*

*Siemer v. State*, No. 14-1626, 2016 WL 351438, at *2 n.3 (Iowa Ct. App. Jan. 27, 2016) (finding the failure to appoint counsel was not prejudicial because the case was properly dismissed based on the statute of limitations); *Armstrong v. State*, No. 13-1930, 2015 WL 3884170, at *2 (Iowa Ct. App. June 24, 2015) (concluding the court did not abuse its discretion by failing to appoint counsel because the case was barred by the statute of limitations). We find that, considering the application in the light most favorable to Francis, no issue of law or fact exists. Accordingly, as the application does not present a cognizable claim, the district court did not commit reversible error in failing to appoint counsel.

### D.    Conclusion

We find on its face that Francis's application is untimely and presents no cognizable claim upon which relief could be granted. While not endorsing the procedures utilized by the district court regarding the timing of the second notice to Francis and the failure to enter a written ruling on the request for counsel, we affirm the dismissal.

**AFFIRMED.**

Tabor, J., concurs; Vaitheswaran, P.J., concurs specially.

**VAITHESWARAN, Presiding Judge. (concurring specially).**

I specially concur. The State moved to dismiss Francis' postconviction-relief application on statute-of-limitation grounds and on the merits. At a non-evidentiary hearing, the prosecutor argued the application was untimely and Francis failed to plead any of the grounds for relief set forth in Iowa Code section 822.2, including the ground for "newly discovered evidence." *See* Iowa Code § 822.2.2(1)(d) (2019). The district court granted the motion on statute-of-limitations grounds and separately denied the application for failure to state a claim, explicitly addressing the actual-innocence claim on the merits. I agree with the court's decision to dismiss the application on statute-of-limitations grounds. I would not have reached the merits.

"[T]he ground-of-fact exception pursuant to section 822.3 is not the same as a substantive claim for postconviction relief based on newly discovered evidence pursuant to section 822.2(1)(d)." *Moon v. State*, 911 N.W.2d 137, 143 (Iowa 2018).

> To prevail on [a] newly discovered evidence claim, [an applicant] must show by a preponderance of the evidence "(1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial."

*Id.* at 151 (quoting *Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991); *see also State v. Uranga*, 950 N.W.2d 239, 243 (Iowa 2020) ("Iowa Rule of Criminal Procedure 2.24(2)(b)(8) authorizes the court to grant a new trial '[w]hen the defendant has discovered important and material evidence in the defendant's favor since the verdict, which the defendant could not with reasonable diligence have

discovered and produced at the trial.'"). In contrast, the ground-of-fact exception to the three-year time bar requires the ground to have been raised "within the applicable time period" rather than "after the verdict." *See* Iowa Code § 822.3 (stating the limitation period "does not apply to a ground of fact or law that could not have been raised within the applicable time period"). And the ground-of-fact exception does not require a showing that "the ground of fact would likely or probably have changed the outcome of the underlying criminal case in order to avoid a limitations defense." *Moon*, 911 N.W.2d at 143 (quoting *Harrington v. State*, 659 N.W.2d 509, 521 (Iowa 2003)); *see also Schmidt v. State*, 909 N.W.2d 778, 799 (Iowa 2018).

I agree Francis failed to allege facts that placed his claims within the ground-of-fact exception to the three-year time bar. I am not convinced the merits of Francis' claim, whether couched as a freestanding claim of actual innocence or as a newly-discovered evidence claim could be resolved on a motion to dismiss. Accordingly, I would simply affirm the district court's decision on statute-of-limitations grounds.